1  SEYFARTH SHAW LLP
   Michael J. Burns (SBN 172614)
2  mburns@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:  (415) 397-2823
4  Facsimile:   (415) 397-8549

5  SEYFARTH SHAW LLP
   Zaher Lopez (SBN 272293)
6  zlopez@seyfarth.com
   601 South Figueroa Street, Suite 3300
7  Los Angeles, California 90017
   Telephone: (213) 270-9600
8  Facsimile: (213) 270-9601

9  *Attorneys for Defendant*
   PIER 1 IMPORTS (U.S.), INC.
10

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 EVIST HERRERA, an individual,        Case No. 5:19-cv-00999

16                                      **NOTICE OF REMOVAL OF CIVIL
                Plaintiff,              ACTION TO UNITED STATES
17                                      DISTRICT COURT BY DEFENDANT
                                        PIER 1 IMPORTS (U.S.), INC.**
18         v.
                                        **[DIVERSITY JURISDICTION]**
19
   PIER 1 IMPORTS (U.S.), INC.; DAISY   [Superior Court of the State of California,
20 ZUNIGA, and DOES 1-100, inclusive,   County of San Bernardino Case No.
                                        CIVDS1907337]
21              Defendants.
                                        Complaint Filed: March 7, 2019
22                                      Trial Date:      Not yet set

23

24

25

26

27

28

─────────────────────────────────────────────
             DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
57078530v.1

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND ................................. **ERROR! BOOKMARK NOT DEFINED.**

II.   TIMELINESS OF REMOVAL ........................................................... 2

III.  JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................ 2

     A.    Plaintiff Is A Citizen Of California ................................................. 3

     B.    Defendants Is A Citizen of Delaware and Texas ........................... 3

     C.    A "Sham" or "Fraudulently Joined" Defendant Is Disregarded For Diversity Purposes ............................................................. 4

     D.    Doe Defendants May Be Disregarded ......................................... 10

     E.    The Amount In Controversy Exceeds $75,000 ........................... 10

IV.  VENUE OF THE SUPERIOR COURT ........................................... 15

V.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT ........................................... 15

VI.  PRAYER FOR REMOVAL ........................................................... 15

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Behrazfar v. Unisys Corp.*,
    687 F. Supp. 2d 999 (C.D. Cal. 2009) ........................................................ 11

*Cohn v. PetsMart, Inc.*,
    281 F.3d 837 (9th Cir. 2002) ................................................................... 10

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
    994 F. Supp. 1196 (N.D. Cal. 1998) ......................................................... 14

*Crangle v. Stanford Univ.*,
    2000 WL 33727181 (N.D. Cal., Mar. 2000) . .......................................... 14

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) ............................................................................... 11

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ................................................................... 14

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ................................................................. 14

*Gasnik v. State Farm Ins. Co.*,
    825 F.Supp. 245 (E.D. Cal. 1992) ...................................................... 5, 10

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ................................................................... 11

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ................................................................... 13

*Gupta v. Int'l Business Machines Corp., et al.*,
    Case No. 5:15-cv-05216-EJD, 2015 WL 9006917 (N.D. Cal. Dec. 16,
    2015) .......................................................................................................... 6

*Hamilton Materials, Inc. v. Dow Chemical Co.*,
    494 F.3d 1203 (9th Cir. 2007) .............................................................. 4, 9

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ..................................................................................... 4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ...................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) .................................................................... 3

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) .................................................... 11

*Kruso v. Int'l Tel. & Tel. Corp.*,
  872 F.2d 1416 (9th Cir. 1989) .................................................................... 9

*Lewis v. Time Inc.*,
  83 F.R.D. 455 (E.D. Cal. 1979) .................................................................. 5

*Los Angeles Airways, Inc. v. Davis*,
  687 F.2d 321 (9th Cir. 1982) ...................................................................... 6

*McCabe v. General Foods Corp.*,
  811 F.2d 1336 (9th Cir. 1987) ............................................................... 5, 6

*Morris v. Princess Cruises, Inc.*,
  236 F.3d 1061 (9th Cir. 2001) .......................................................... 5, 9, 10

*Murphy Brothers, Inc. v. Michettie Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) .................................................................................... 2

*Nasiri v. Allstate Indem. Co.*,
  41 Fed. Appx. 76 (9th Cir. 2002) ............................................................. 13

*Pasco v. Red Robin Gourmet Burgers, Inc.*,
  2011 WL 5828153 (E.D. Cal. Nov. 18, 2011) ........................................... 9

*Peacock v. Quest Diagnostics*,
  2010 WL 6806990 (C.D. Cal. Dec. 15, 2010) ......................................... 13

*Richmond v. Allstate Ins. Co.*,
  897 F.Supp. 447 (S.D. Cal. 1995) ............................................................ 13

*Rippee v. Boston Market Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ...................................................... 11

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998) .................................................................... 5

iii

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

*Sanchez v. Monumental Life Ins.*,
  102 F.3d 398 (9th Cir. 1996) ............................................................. 10

*Singer v. State Farm Mut. Auto. Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) ............................................................. 10

*Smith v. Picayune*,
  795 F.2d 482 (5th Cir. 1986) ............................................................... 9

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ............................................................... 3

*Toth v. Guardian Indus. Corp.*,
  Case No. 12-cv-0001-LJO-DLB, 2012 WL 468244 (E.D. Cal. Feb. 13,
  2012) .............................................................................................. 5, 9

*TPS Utilicom Serv., Inc. v. AT & T Corp.*,
  223 F.Supp.2d 1089 (C.D. Cal. 2002) ................................................. 5

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ........................................................... 11

*Zogbi v. Federated Dep't Store*,
  767 F. Supp. 1037 (C.D. Cal. 1991) .................................................... 5

**State Cases**

*Cole v. Fair Oaks Fire Protection Dist.*,
  43 Cal. 3d 148 (1987) ......................................................................... 9

*Janken v. GM Hughes Electronics*,
  46 Cal. App. 4th 55 (1996) ......................................................... 6, 7, 8

*Jones v. Lodge at Torrey Pines Partnership*,
  42 Cal. 4th 1158 (2008) ...................................................................... 6

*Reno v. Baird*,
  18 Cal. 4th 640 (1998) ............................................................... 6, 7, 8

*Smith v. Int'l Brotherhood of Electrical Workers*,
  109 Cal. App. 4th 1637 (2003) ........................................................ 6, 7

*Yurick v. Superior Court*,
  209 Cal. App. 3d 1116 (1989) ......................................................... 7, 8

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

**Federal Statutes**

28 U.S.C. § 84(c) .................................................................................. 15

28 U.S.C. § 1332 ........................................................................ 1, 10, 12

28 U.S.C. § 1332(a) ............................................................................. 10

28 U.S.C. § 1332(a)(1) ..................................................................... 2, 15

28 U.S.C. § 1332(c) ............................................................................... 3

28 U.S.C. § 1441 ................................................................................. 15

28 U.S.C. § 1441(a) ................................................................ 1, 2, 10, 15

28 U.S.C. § 1441(b) ............................................................................... 1

28 U.S.C. § 1446 ................................................................................... 1

28 U.S.C. § 1446(a) ......................................................................... 2, 15

28 U.S.C § 1446(b)(1) ........................................................................... 2

28 U.S.C. § 1446(d) ............................................................................. 15

**State Statutes**

California Family Rights Act ........................................................ 1, 11, 13

California's Fair Employment and Housing Act ............................. 1, 8, 11, 12

California's Workers' Compensation Act ................................................ 9

**Rules**

Federal Rules of Civil Procedure Rule 21 ....................................... 5, 10

**Other Authorities**

*Carter v. CB Richard Ellis,*
    2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) .......... 14

*Comey v. County of Los Angeles,*
    2007 WL 3022474 (Los Angeles County Sup. Ct., Aug. 15, 2007) .......... 12

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

*Conney v. University of California Regents*,
    2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004)..............................13

*Elliott v. City of Gardena*,
    2001 WL 1255712 (Los Angeles County Sup. Ct., July 23, 2001)............................12

*Evist Herrera v. Pier 1 Imports (U.S.), Inc. et al.*,
    Case No. CIVDS1907337 ....................................................................... 1, 2, 15

*O'Connor v. UHS-Corona Inc.*,
    2011 WL 3606915 (Riverside Sup. Ct., Jan. 20, 2011)..................................13

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct., Nov. 12, 2013) ........................13

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA, EASTERN DIVISION AND TO PLAINTIFF AND**

3  **HIS COUNSEL OF RECORD:**

4      **PLEASE TAKE NOTICE** that Defendant Pier 1 Imports (U.S.), Inc.

5  ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332,

6  1441(a) and (b), and 1446, based on diversity of citizenship jurisdiction, in order to effect

7  the removal of the above-captioned matter, which was commenced in the Superior Court

8  of the State of California for the County of San Bernardino.  Removal is proper because

9  the amount in controversy exceeds $75,000 and the action is between citizens of different

10 states.  Plaintiff Evist Herrera ("Plaintiff") is a citizen of California, and Defendant is a

11 citizen of Delaware and Texas.  Daisy Zuniga ("Zuniga"), the individual defendant, is a

12 sham defendant because she cannot be liable as a matter of law under the theories alleged

13 in Plaintiff's Complaint.  Accordingly, for the reasons stated herein, removal is proper.

14 **I.    PLEADINGS, PROCESSES AND ORDERS**

15     1.    On March 7, 2019, the unverified Complaint (the "Complaint") was filed on

16 behalf of Evist Herrera ("Plaintiff") in the Superior Court for the State of California,

17 County of San Bernardino, entitled *Evist Herrera v. Pier 1 Imports (U.S.), Inc. et al.,*

18 Case No. CIVDS1907337 (the "State Court Action").  The Complaint alleges nine causes

19 of action for: (1) Disability Discrimination (Disparate Treatment) in Violation of

20 California's Fair Employment and Housing Act ("FEHA"); (2) Disability Discrimination

21 (Failure to Provide Reasonable Accommodation) in Violation of FEHA; (3) Disability

22 Discrimination (Failure to Engage in the Interactive Process) in Violation of FEHA; (4)

23 Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation

24 in Violation of FEHA; (6) Violation of the California Family Rights Act ("CFRA"); (7)

25 Retaliation for Taking/Requesting CFRA Leave; (8) Wrongful Termination in Violation

26 of Public Policy; and (9) Intentional Infliction of Emotional Distress.

27     2.    On May 1, 2019, Plaintiff served Defendant with the Summons, Complaint,

28 Civil Case Cover Sheet, Notice of Case Assignment, Notice of Trial Setting Conference,

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

Plaintiff's Peremptory Challenge, Minute Order RE Reassignment, and Notice of Case Reassignment.  In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint and all other pleadings Plaintiff served on Defendant are attached hereto as **Exhibit 1**.

3.      On May 29, 2019, Defendant filed an Answer to the Complaint.  In compliance with 28 U.S.C. § 1446(a), a true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**.

4.      A Trial Setting Conference has been scheduled for September 6, 2019 at 8:30 a.m. in Department S25 of the San Bernardino County Superior Court.  Other than the Trial Setting Conference, there are no other proceedings scheduled in the San Bernardino County Superior Court.  There have been no court appearances or proceedings to date.

5.      As of the date of filing of this Notice of Removal, Zuniga has not been served with the Summons and Complaint.

6.      **Exhibits 1 and 2** constitute all of the pleadings or other process served on or filed or received by Defendant with respect to the State Court Action prior to the filing and service of this Notice of Removal.

## II.     TIMELINESS OF REMOVAL

7.      In cases where removability appears on the face of the state court complaint, a notice of removal must be filed within 30 days of service of the initial pleading from which removability can be ascertained.  28 U.S.C § 1446(b)(1). *See also Murphy Brothers, Inc. v. Michettie Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  This Notice of Removal is timely because it is being filed within thirty (30) days after Defendant's initial receipt of the Summons and Complaint, through service on May 1, 2019, and within one year of the commencement of this action. 18 U.S.C. § 1446(b)(1).

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8.      The Court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28

2

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1  U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of

2  interest and costs, and is between citizens of different states.

3  **A.  Plaintiff Is A Citizen Of California**

4  9.   Plaintiff is, and at all times since the commencement of this action has been,

5  a resident and citizen of the State of California.  For diversity purposes, a person is a

6  "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*,

7  704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes

8  under federal common law a party must . . . be domiciled in the state.").  A person's

9  domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v.*

10  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his

11  permanent home, where she resides with the intention to remain or to which she intends

12  to return.").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins.*

13  *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the

14  domicile").  Plaintiff alleges that "at all times relevant herein [he] was a resident of the

15  County of San Bernardino."  (Compl. ¶ 3.)

16  10.   In addition, Defendant's review of Plaintiff's personnel file reveals that

17  Plaintiff resided in California since the start of his employment with Defendant in

18  approximately May 2004.  (Declaration of Lori West ("West Dec.") ¶5.)

19  11.   Moreover, throughout Plaintiff's employment with Defendant, Plaintiff

20  listed his home address in California as his residence for the purposes of his personnel

21  file, payroll checks, and tax withholdings, thereby demonstrating "an intent to remain" in

22  California and establishing Plaintiff's domicile in California.  (Id.)

23  12.   Plaintiff, therefore, is, and at all times since the commencement of this

24  action has been, a resident and citizen of the State of California.

25  **B.  Defendant Is A Citizen of Delaware and Texas**

26  13.   Pursuant to 28 U.S.C. §1332(c), a "corporation shall be deemed to be a

27  citizen of any State by which it has been incorporated and of the State where it has its

28  principal place of business."

3

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

14.     The appropriate test to determine a corporation's principal place of business is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Under the "nerve center" test, a corporation's principal place of business is the place where its "officers direct, control and coordinate the corporation's activities."  *Id.* at 92.  A corporation typically directs, controls and coordinates its activities from its headquarters.  *Id.*

15.     Defendant is now, and ever since this action commenced has been, a corporation incorporated under the laws of the State of Delaware.  (West Decl. ¶ 2.)  Accordingly, Defendant is a citizen of the State of Delaware.

16.     Under the "nerve center" test, Defendant's principal place of business is in the state of Texas because Defendant's corporate headquarters are located in Fort Worth, Texas, and the majority of its executive and administrative functions take place in Fort Worth, Texas.  Defendant's high-level management team is based in Fort Worth, Texas and conducts Defendant's business from the Fort Worth, Texas headquarters.  The majority of Defendant's domestic administrative functions, including payroll, accounting, purchasing, marketing, and information systems are located in Fort Worth, Texas.  (West Decl. ¶ 3.)

17.     As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California.  Instead, Defendant is now, and was at the time of the filing of the Complaint, a citizen of the States of Delaware and Texas.

**C.     A "Sham" or "Fraudulently Joined" Defendant Is Disregarded For Diversity Purposes**

18.     Zuniga is allegedly a California citizen, but her citizenship is irrelevant because she was fraudulently joined to defeat diversity jurisdiction.  Under the doctrine of fraudulent joinder "the party's citizenship is disregarded for purposes of assessing subject matter jurisdiction '[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state[.]'"  *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir.

4

57078530v.1

2007) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (same); *Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (non-diverse defendant may be disregarded if that person's joinder is fraudulent in that no claim can be established against that party).  The term "fraudulent" is a term of art and not intended to impugn the integrity of plaintiff or counsel.  *McCabe*, 811 F.2d at 1339.

19.   It is well-settled that a party cannot attempt to defeat diversity jurisdiction by adding a non-diverse "sham" defendant.  *See, e.g., Morris, 236 F.3d at 1067*; *TPS Utilicom Serv., Inc. v. AT & T Corp*., 223 F.Supp.2d 1089, 1100-01 (C.D. Cal. 2002). Joinder of a defendant is a "sham" and deemed fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  *See*, *e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339.  When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder … federal courts may look beyond the pleadings to determine if the joinder … is a sham or fraudulent device to prevent removal.");  *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").  A claim against a sham defendant fails where the claim lacks facts sufficient to support a cognizable legal theory.  *See Toth v. Guardian Indus. Corp.*, Case No. 12-cv-0001-LJO-DLB, 2012 WL 468244, at *5 (E.D. Cal. Feb. 13, 2012) (denying motion to remand because claim against individual defendant was insufficiently pled).

20.   If the facts reveal that joinder is fraudulent, the sham defendant may also be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party [] at any stage of the action[.]"  *See Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 248-49 (E.D. Cal. 1992).

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

21.     Here, Plaintiff asserts a single claim against Zuniga for intentional infliction of emotional distress ("IIED").  As described below, Zuniga cannot be held liable for the lone IIED claim pled against her for several, independent reasons.

22.     First, Plaintiff's IIED claim against Zuniga fails because a defendant supervisor cannot be personally liable for discrimination or retaliation claims under *Reno v. Baird*, 18 Cal. 4th 640, 643 (1998) and *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008), respectively, and "it follows [she] cannot be [held] liable for the emotional distress claims either."  *Smith v. Int'l Brotherhood of Electrical Workers*, 109 Cal. App. 4th 1637, 1658 (2003).  Plaintiff's IIED claim is improperly duplicative of his discrimination and retaliation claims since it is based on the same alleged conduct. "If personnel management decisions are improperly motivated, the remedy is a suit against [the] employer," not the plaintiff's supervisor.  *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 79-80 (1996).

23.     Second, because the IIED claim necessarily relates to alleged personnel actions taken by Zuniga, liability is precluded by the managerial privilege.  Under the doctrine of managerial privilege, agent-employees cannot be held personally liable for tort claims brought by subordinates arising from actions taken within the course and scope of their agent/managerial capacity.  *McCabe v. General Goods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987) (applying California law, holding that plaintiff's tort claims against two individual managers failed as a matter of law because "[the managers'] actions, according to the complaint, had been in their managerial capacity … [and] had been ratified by [their employer].  []  [I]t is clear that 'if an advisor is motivated in part by a desire to benefit his principle,' his conduct, under California law, is privileged.").  The managerial privilege "generally immunizes agent-employees who act in part by a desire to benefit the employer-principle."  *Gupta v. Int'l Business Machines Corp., et al.,* Case No. 5:15-cv-05216-EJD, 2015 WL 9006917 (N.D. Cal. Dec. 16, 2015) (applying the managerial exemption to claims asserted to a human resources representative) (citing *Los Angeles Airways, Inc. v. Davis,* 687 F.2d 321, 328 (9th Cir. 1982).  As the California

6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Supreme Court held in *Reno*, only employers are liable for the personnel management actions of their agents/supervisors.  *Reno*, 18 Cal. 4th at 647 (citing *Janken*, 46 Cal. App. 4th at 65-66).  In sum, an agent/supervisor cannot be sued for intentional infliction of emotional distress for that agent/supervisor's managerial conduct.  *See*, *e.g.*, *Smith*, 109 Cal. App. 4th at 1658 (holding that claims for intentional and negligent infliction of emotional distress against a manager fail, as a matter of law, because when "the emotional distress claims arise out of conduct for which [the manager] cannot be held personally liable it follows he cannot be held liable for the emotional distress claims either."); *see also Janken*, 46 Cal. App. 4th at 79-80 (1996) (holding that individual managerial employees cannot be held liable for intentional infliction of emotional distress for managerial conduct committed within the employment relationship).

24.    Plaintiff's allegations in his Complaint make plain that Zuniga was a supervisor.  (Compl. ¶33.)  Specifically, Plaintiff alleges that Zuniga was an "HR representative."  (Id.)  Moreover, Plaintiff's allegations demonstrate that the conduct that allegedly caused Plaintiff emotional harm occurred within the course and scope of Plaintiff's employment.  (Compl. ¶¶ 21-36; 146-149.)  Indeed, Plaintiff alleges that Zuniga's "conduct [] occurred in the course and scope of their employment."  (Compl. ¶149.)  Thus, Zuniga's alleged conduct is protected by the managerial privilege.

25.    Third, to plead an IIED claim Plaintiff must allege, among other elements, that Zuniga engaged in behavior that constituted "extreme and outrageous" conduct. Plaintiff has not pled conduct concerning Zuniga that even remotely approaches this high standard.  "[O]utrageous conduct is that which is the most extremely offensive."  *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1129 (1989) (holding that a supervisor's conduct, while "objectively offensive and in breach of common standards of civility, was not so egregiously outside the realm of civilized conduct as to give rise to actionable infliction of emotional distress [claim]").  In *Yurick*, the plaintiff gave no details regarding the setting in which the allegedly offensive statements were made and absent relevant context, there was no showing that the supervisor abused his position as

7

57078530v.1

plaintiff's superior.  *See id.*  Here, Plaintiff too fails to identify *any* specific comments or conduct by Zuniga.  Plaintiff instead only relies on boilerplate language that Zuniga engaged in "outrageous conduct" and "intended to cause Plaintiff emotional distress and/or acted with reckless disregard."  (Compl. ¶¶ 146-149.)  Moreover, all other allegations in the complaint pertain to managerial conduct relevant to Plaintiff's *other* causes of action (*see* Compl. ¶¶ 21-36), and but for the sole allegation that Zuniga supposedly told Plaintiff that "he could not apply for [an administrative assistant position] because he was on a leave of absence" (Compl. ¶ 33)—which alone is wholly insufficient to be actionable—all other allegations are vaguely asserted as to *all* defendants.  (*See* Compl. ¶¶ 21-36.)  In the end, none of Zuniga's alleged conduct is "so egregiously outside the realm of civilized conduct as to give rise to actionable infliction of emotional distress."

26.    Moreover, as a general rule, personnel management decisions, even if taken for discriminatory or retaliatory reasons, do not rise to the level of "extreme and outrageous" conduct necessary to support an IIED claim.  *Janken*, 46 Cal. App. 4th at 64-65, 80 (a "simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged").  This reasoning makes sense because as pointed out in *Reno*, "[i]t would be absurd to forbid a plaintiff to sue a supervisor under FEHA, then allow essentially the same action under a different rubric."  *Reno*, 18 Cal. 4th at 663.  That is, Plaintiff must plead facts alleging "extreme and outrageous" conduct intended to cause him severe emotional distress, and he has failed to do that here.  A defendant is not liable for conduct that is insulting, annoying, distressing, irritating, or even threatening.  *Yurick*, 209 Cal. App. 3d at 1129-30.  The conduct at issue must be "egregiously outside the realm of civilized conduct."  *Id*. at 1129.  Here, the conduct alleged by Plaintiff falls far short of establishing that Zuniga engaged in conduct so "extreme and outrageous" as to expose Zuniga to liability for intentional infliction of emotional distress.  As such, Plaintiff's IIED claim against Zuniga fails as a matter of law.

8

57078530v.1

27.     Fourth, the California Supreme Court has consistently held that California's Workers' Compensation Act precludes a civil action for IIED for purported injuries arising during employment.  *Cole v. Fair Oaks Fire Protection Dist*., 43 Cal. 3d 148, 161 (1987) (holding that IIED claim was barred by the exclusive remedy provisions of California's workers' compensation law).  Here, Plaintiff's IIED claim is based on alleged personnel management actions that occurred during his employment relationship with Defendant.  Accordingly, his IIED claim is precluded by the Workers' Compensation Act.

28.     Lastly, even if Plaintiff could amend his Complaint to remedy the deficiencies in his pleading with respect to Zuniga, this would not defeat removal. Review of the complaint in fraudulent joinder cases is constrained to the facts actually alleged therein, not on what could hypothetically be pled by the plaintiff later.  *See Kruso v. Int'l Tel. & Tel. Corp*., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) (affirming district court's refusal to consider allegations made in plaintiffs' proposed amended complaint to determine whether valid claims had been stated for fraudulent joinder purposes); *Pasco v. Red Robin Gourmet Burgers, Inc*., 2011 WL 5828153, *3 (E.D. Cal. Nov. 18, 2011) (holding that where fraudulent joinder is an issue, the review of the complaint "is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that could be alleged via an amended complaint."); *Smith v. Picayune*, 795 F.2d 482, 485 (5th Cir. 1986) ("Generally, the right of removal is determined by the pleadings as they stand when the petition for removal is filed."); *Toth*, 2012 WL 468244 at *5 ("[T]he weight of authority holds that review of the complaint, even in fraudulent joinder cases, is constrained to the facts actually alleged therein.").

29.     Because Plaintiff has failed to plead a viable claim against individual defendant Zuniga, Plaintiff's joinder of Zuniga is fraudulent.  *See Morris*, 236 F.3d at 1067; *Hamilton Materials Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007) ("if plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is

9

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

fraudulent").  Accordingly, Zuniga's citizenship should be disregarded when assessing diversity.  *Morris*, 236 F.3d at 1067.  Moreover, Zuniga should be dismissed from this action entirely pursuant to Rule 21 of the Federal Rules of Civil Procedure.  *Gasnik*, 825 F. Supp. at 248-49.

### D. <u>Doe Defendants' Citizenship Must Be Disregarded</u>

30.   The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a) (as amended 1988) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").  Thus, the existence of Doe Defendants 1 through 100 does not deprive this Court of jurisdiction.

### E. <u>The Amount In Controversy Exceeds $75,000</u>

31.   Without conceding that Plaintiff is entitled to damages he seeks or that he could recover damages in any amount, the purported amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

32.   A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000 even when the plaintiff fails to set forth any specific damage amount.  *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).  Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement.  *Id.* at 839 (setting forth the "preponderance of the evidence" standard); *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).  Where a complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The Complaint here does not specify the amount of damages sought; therefore, the preponderance of the evidence standard applies.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1    33.    As the Supreme Court made clear, "a defendant's notice of removal need
2  only include a plausible allegation that the amount in controversy exceeds the
3  jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.
4  547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the
5  defendant's amount-in-controversy allegation should be accepted when not contested by
6  the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties
7  need not predict the trier of fact's eventual award with one hundred percent accuracy").
8  Defendant is not obligated to "research, state, and prove the plaintiff's claims for
9  damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)
10 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal.
11 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)
12 (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a
13 defendant will actually owe).  Moreover, as explained by the Ninth Circuit, "the amount-
14 in-controversy inquiry in the removal context is not confined to the face of the
15 complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that
16 the Court may consider facts presented in the removal petition).  When the amount in
17 controversy is not apparent from the face of the complaint, a defendant may state
18 underlying facts supporting its assertion that the amount in controversy exceeds the
19 jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).
20    34.    Plaintiff's Complaint alleges nine causes of action, including for disability
21 discrimination in Violation of the FEHA; failure to provide a reasonable accommodation
22 in violation of FEHA; failure to engage in the interactive process in violation of FEHA;
23 retaliation in violation of FEHA; failure to prevent discrimination and retaliation in
24 violation of FEHA; violation of the CFRA; retaliation for taking/requesting CFRA leave;
25 wrongful termination in violation of public policy; and IIED.  Plaintiff is seeking general,
26 special, emotional, punitive and compensatory damages, past and future lost
27 income/earnings and benefits, cost of suit, and attorney's fees.  (Compl. ¶¶ 47-50, 61-64,
28 73-76, 95-98, 104-107, 117-120, 129-132, 141-144, 151-152, and Prayer for Relief.)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

**a.  Back Pay and Front Pay:** Pursuant to his purported claims for discrimination and retaliation in violation of the FEHA, Plaintiff alleges that he is entitled to lost wages, which pursuant to the statute could include back pay and other special damages.  Although Defendant denies all liability, based on Plaintiff's claims for lost earnings alone, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  At the time of his separation of employment, Plaintiff was compensated at an hourly rate of $19.48. (West Decl., ¶ 6.)  This equates to approximately $40,518.00 in annual income ($19.48 x 40 hours x 52 weeks).  Therefore, given that Plaintiff is seeking, at a minimum, lost wages for the time period from April 26, 2017—the date of his termination—through trial, Plaintiff is claiming **$121,554.00 in lost wages alone**, conservatively assuming a March 7, 2020 trial date (1 year after the filing of the complaint) ($40,518.00 per year x approx. 3 years).  As such, Plaintiff's alleged back wages to date are at least **$121,554.00**, and, alone, meet the $75,000 threshold amount for removal.[1]  Plaintiff's front pay, if calculated, for purposes of this analysis only, on a conservative assumption that a Court would award one year of pay in the event liability was found, would total approximately **$40,518.00.  Consequently, Plaintiff's claims for lost earnings alone total approximately $162,072.00—which is well above the $75,000.00 threshold.**

**b.  Emotional Distress:** While the specific details of Plaintiff's alleged emotional distress damages are not pled in the Complaint, in cases alleging discrimination, retaliation and wrongful termination, the emotional distress damages award alone often exceeds the $75,000 amount in controversy requirement.  *See, e.g., Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Sup. Ct., July 23, 2001) (awarding $1,650,000.00 for emotional distress); *Comey v. County of Los Angeles*,

---

[1] These calculations exclude any over-time earnings and benefits—which would only bring Plaintiff's purported damages further above the $75,000.00 threshold.  (*See* West Decl., ¶ 6.)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

2007 WL 3022474 (Los Angeles County Sup. Ct., Aug. 15, 2007) (awarding $750,000.00 for emotional distress); *Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) (awarding $600,000.00 for non-economic damages. (*See* Declaration of Zaher Lopez ("Lopez Decl."), ¶ 2, Exh. A.)  A review of jury verdicts in California demonstrates that emotional distress awards specifically in the CFRA context also commonly exceed $75,000.  *See, e.g., Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct., Nov. 12, 2013) (award of $1,250,000.00 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct., Jan. 20, 2011) (award of $1,500,000.00 in non-economic loss to employee action involving retaliation in violation of the CFRA); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal. Dec. 15, 2010) (award of $150,000.00 in non-economic loss to employee in action for discriminatory termination in violation of the CFRA).  (*See* Lopez Decl., ¶ 3, Exh. B.)  These awards demonstrate that, for diversity purposes, the value of the emotional distress facet of Plaintiff's claimed damages alone exceeds the $75,000 amount in controversy requirement.  Here, conservatively estimating that Plaintiff is seeking emotional distress damages at twice his claimed economic damages, **that would add an additional $324,144.00 ($162,072.00 x 2) to the amount in controversy—which, alone, is also well above the $75,000.00 threshold.**

        **c.**     **Punitive Damage**s: As noted above, Plaintiff also seeks to recover punitive damages.  "In determining the amount in controversy, the court must consider the amount of actual and punitive damages."  *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the amount in controversy in a civil action.").  Moreover, for purposes of determining the amount in controversy *only*, the Court should assume that Plaintiff will prevail on his claim for punitive damages.  *See Richmond  v. Allstate  Ins. Co.*, 897 F.Supp. 447, 449-50  (S.D. Cal. 1995).  An examination of jury awards shows that punitive damages awards alone in

13

57078530v.1

these types of discrimination cases, when awarded, often exceed the $75,000 amount in controversy requirement.  *See, e.g., Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) (awarding $600,000.00 in punitive damages); *Crangle v. Stanford Univ.*, 2000 WL 33727181 (N.D. Cal., Mar. 2000) (awarding $200,000.00 in punitive damages).  (*See* Lopez Decl., ¶ 4, Exh. C.)  These awards demonstrate that, for diversity purposes, the value of the punitive damages facet of Plaintiff's claimed damages alone exceeds the $75,000 amount in controversy requirement.  Here, conservatively estimating that Plaintiff is seeking punitive damages at an amount equal to his compensatory damages, **that would add an additional $482,216.00 ($162,072.00 + $324,144.00) to the amount in controversy—which, again, is also well above the $75,000.00 threshold.**

d.      **Attorneys' Fees:** "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff's attorneys' fees alone will easily exceed $75,000. (*See* Lopez Decl., ¶ 5.)

35.    **Total Amount in Controversy:**  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).  **Based upon the allegations contained in Plaintiff's Complaint and adding the above figures together, the amount in controversy based only on Plaintiff's back and front pay, emotional distress and punitive damages**

14

**alone total $968,432.00.**  Because diversity of citizenship exists between the Plaintiff and Defendant and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## IV.   VENUE OF THE SUPERIOR COURT

36.   Without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of motion responsive pleading or otherwise, venue for this removed action lies in the Central District, Eastern Division of this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c).  This action originally was brought in the Superior Court of the State of California, County of San Bernardino, which is located within the Central District, Eastern Division of the State of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## V.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

37.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino, in the State Court Action.

38.   This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

## VI.   PRAYER FOR REMOVAL

39.   WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1

1    DATED:  May 31, 2019                Respectfully submitted,

2                                        SEYFARTH SHAW LLP

3

4                                        By:    /s/ Michael J. Burns

5                                             Michael J. Burns
                                              Zaher Lopez
6
                                        Attorneys for Defendant
7                                       PIER 1 IMPORTS (U.S.), INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

57078530v.1