# EXHIBIT 1

**SUM-100**

## SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** PIER 1 IMPORTS (U.S.), INC.; DAISY
(AVISO AL DEMANDADO): ZUNIGA; and DOES 1-100, inclusive,

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2019

BY _____
BRENDA MATSUMURA, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** EVIST HERRERA
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): San Bernadino Justice Center Civil Division 247 Third Street San Bernadino, CA 92415 | CASE NUMBER: (Número del Caso): CIVDS1907337 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
N. NICK EBRAHIMIAN SBN:219270; TIELLE SHU SBN:303085 310-432-0000    310-432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CA 90211
DATE: March 7, 2019    MAR - 7 2019    Clerk, by    Brenda Matsumura    , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): PIER 1 IMPORTS (U.S.), INC.

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☑ by personal delivery on (date): 5/1/19

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS    Legal Solutions & Plus | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 |

COPY

BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| N. Nick Ebrahimian, Esq. (SBN:219270); Tielle Shu, Esq. (SBN 303085); Michael Massmann, Esq. (SBN: 313749) LAVI & EBRAHIMIAN, LLP 8889 W. Olympic Boulevard, Suite 200, Beverly Hills, CA 90211 TELEPHONE NO.: (310) 432-0000   FAX NO.: (310) 432-0001 ATTORNEY FOR *(Name):* Plaintiff Evist Herrera | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT  MAR 0 7 2019  BY _____ BRENDA MATSUMURA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernadino
STREET ADDRESS: 247 Third Street
MAILING ADDRESS: 247 Third Street
CITY AND ZIP CODE: San Bernadino 92415
BRANCH NAME: San Bernadino Justice Center

CASE NAME:
Herrera v. Pier 1 Imports (U.S.), Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1907337 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant. (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2019
Michael Massmann (SBN: 313749)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

EVIST HERRERA

CASE NO.: CIVDS1907337

vs.

**CERTIFICATE OF ASSIGNMENT**

PIER 1 IMPORTS (U.S.), INC., et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernadino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☑ General   ☐ Collection

**BY FAX**

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☑ | 20. Other Wrongful Termination | The plaintiff and defendant reside within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| PIER 1 IMPORTS (U.S.), INC. | | 3000 E. Philadelphia Street |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |
| Ontario | CA | 91761 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on March 7, 2019 _____ at Beverly Hills _____, California

_Signature of Attorney/Party_

**CERTIFICATE OF ASSIGNMENT**

13-16503-360,
Rev 08-2014 Mandatory

1  N. Nick Ebrahimian, Esq. (State Bar No. 219270)
   nebrahimian@lelawfirm.com
2  Tielle Shu, Esq. (SBN 303085)
   tshu@lelawfirm.com
3  Michael Massmann, Esq. (State Bar No. 313749)
   mmassmann@lelawfirm.com
4  LAVI & EBRAHIMIAN, LLP
   8889 W. Olympic Blvd. Suite 200
5  Beverly Hills, California 90211
   Telephone: (310) 432-0000
6  Facsimile: (310) 432-0001

   Attorneys for PLAINTIFF
7  EVIST HERRERA

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2019

BY _____
BRENDA MATSUMURA, DEPUTY

BY FAX

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF SAN BERNARDINO
10

11  EVIST HERRERA,                    Case No.: CIVDS1907337

12          PLAINTIFF,                COMPLAINT FOR DAMAGES AND
13                                    RELIEF FOR:

14  vs.                              1.  DISABILITY DISCRIMINATION
15                                       IN VIOLATION OF
                                         GOVERNMENT CODE § 12940(a):
16  PIER 1 IMPORTS (U.S.), INC.; DAISY     DISPARATE TREATMENT
    ZUNIGA; and DOES 1-100, inclusive,     BASED ON DISABILITY AND/OR
17                                         PERCEIVED DISABILITY

18          DEFENDANTS.              2.  DISABILITY DISCRIMINATION
                                         IN VIOLATION OF
19                                       GOVERNMENT CODE § 12940(m):
20                                       FAILURE TO PROVIDE
                                         REASONABLE
21                                       ACCOMMODATION

22                                   3.  DISABILITY DISCRIMINATION
                                         IN VIOLATION OF
23                                       GOVERNMENT CODE § 12940(n):
                                         FAILURE TO ENGAGE IN THE
24                                       INTERACTIVE PROCESS

25                                   4.  RETALIATION IN VIOLATION
                                         OF GOVERNMENT CODE §
26                                       12940(h)

27                                   5.  FAILURE TO DO EVERYTHING
                                         REASONABLY NECESSARY TO
28                                       PREVENT DISCRIMINATION
                                         AND RETALIATION FROM

PLAINTIFF'S COMPLAINT FOR DAMAGES
1

1

2

3

4

5

6

7

8

9

10

11

12

      OCCURRING IN VIOLATION OF
GOVERNMENT CODE § 12940(k)

6.    VIOLATION OF GOVERNMENT
CODE § 12945.2(a) OF THE
CALIFORNIA FAMILY RIGHTS
ACT

7.    RETALIATION FOR
TAKING/REQUESTING CFRA IN
VIOLATION OF GOVERNMENT
CODE § 12945.2(l)

8.    WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY

9.    INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS

DEMAND FOR JURY TRIAL

13

14

15

16

Plaintiff EVIST HERRERA ("PLAINTIFF") alleges and complains against Defendant PIER

1 IMPORTS (U.S.), INC.; DAISY ZUNIGA; and DOES 1-100, inclusive, (herein after referred to

collectively as "Defendants" or "DEFENDANTS") as follows:

I.     JURISDICTION AND VENUE

17

18

1.    This Court has personal jurisdiction over each of the Defendants because they are

residents of and/or doing business in the State of California.

19

20

21

2.    PIER 1 IMPORTS (U.S.), INC., at all times relevant herein, was and is conducting

business in the State of California, in the County of San Bernardino at 3000 E. Philadelphia Street,

Ontario, CA 91761.

22

23

3.    PLAINTIFF at all times relevant herein was a resident of the County of San

Bernardino.

24

25

4.    Venue is proper in this Court because the claims arose in the County of San

Bernardino where PLAINTIFF worked for PIER 1 IMPORTS (U.S.), INC.

26

27

28

5.    The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive

of interest, costs, and fees.

6.    PLAINTIFF has exhausted all administrative requirements for proceeding with claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, section 12960, *et seq.*, by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Right-to-Sue Letter.  PLAINTIFF initially filed a complaint with the DFEH on or about March 9, 2018.  A true and correct copy of PLAINTIFF'S DFEH Complaint is attached hereto as **Exhibit 1**.  PLAINTIFF immediately received a Notice of Case Closure and Right-to-Sue letter dated March 9, 2018.  A true and correct copy of the Right-to-Sue Letter is attached hereto as **Exhibit 2**.  PLAINTIFF provided notice of the DFEH Complaint and Right-to-Sue Letter to DEFENDANTS on or about March 7, 2019.  PLAINTIFF'S proof of service by mail of the DFEH Complaint and Right-to-Sue Letter is attached hereto as **Exhibit 3** and incorporated by reference.

## II.    PARTIES

7.    From on or about May 11, 2004 to on or about April 26, 2017, PLAINTIFF was employed by PIER 1 IMPORTS (U.S.), INC. in the County of San Bernardino. At all times relevant herein, PLAINTIFF was a resident of San Bernardino County.

8.    At all times relevant herein DEFENDANT PIER 1 IMPORTS (U.S.), INC., and DOES 1 to 50 were doing business in the County of San Bernardino, California.

9.    At all times mentioned hereinafter in this complaint, DEFENDANT PIER 1 IMPORTS (U.S.), INC., and DOES 1 to 50 shall be referred to as "DEFENDANT PIER 1 IMPORTS (U.S.), INC" or "EMPLOYER."

10.    At all times relevant herein Defendant DAISY ZUNIGA and DOES 51 to 100 ("Defendant ZUNIGA" or "ZUNIGA") is a resident of San Bernardino County.

11.    At all times mentioned hereinafter in this complaint, Defendant DAISY ZUNIGA and DOES 51 to 100 shall be referred to as "ZUNIGA."

12.    At all times mentioned hereinafter in this complaint, DEFENDANT PIER 1 IMPORTS (U.S.), INC., DAISY ZUNIGA, and DOES 1 to 100 shall be referred to as "DEFENDANTS" or "DEFENDANT."

13.    At all times relevant herein, PLAINTIFF was employed by EMPLOYER in San

1   Bernardino County.

2      14.   The true names or capacities, whether individual, associate or otherwise, of Doe
3 Defendants 1 to 50, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these
4 Doe Defendants by such fictitious names. PLAINTIFF will seek leave of this Court to amend this
5 Complaint to allege such names and capacities as soon as they are ascertained. PLAINTIFF is
6 informed and believes and thereon alleges that each of these fictitiously named defendants is
7 responsible in some manner for the occurrences alleged herein, and that PLAINTIFF's injuries and
8 damages as alleged and set forth herein were proximately caused by such fictitiously named
9 defendants.

10     15.   The true names or capacities, whether individual, associate or otherwise, of Doe
11 Defendants 51 to 100, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these
12 Doe Defendants by such fictitious names. PLAINTIFF will seek leave of this Court to amend this
13 Complaint to allege such names and capacities as soon as they are ascertained. PLAINTIFF is
14 informed and believes and thereon alleges that each of these fictitiously named defendants is
15 responsible in some manner for the occurrences alleged herein, and that PLAINTIFF's injuries and
16 damages as alleged and set forth herein were proximately caused by such fictitiously named
17 defendants.

     16.   Each of the individual defendants is sued individually and in his or her capacity as an
18 agent, representative, manager, supervisor, independent contractor and/or employee of each and
19 every corporate defendant, with broad discretionary powers and substantial discretionary authority
20 over decisions that ultimately determined corporate policy of each and every corporate defendant.

21     17.   PLAINTIFF is informed and believes and thereon alleges that at all times relevant
22 herein, each and every one of the DEFENDANTS, including the Doe Defendants, acted in concert
23 and in furtherance of each other's interest. The acts of any individual defendants, as described
24 herein, were known to and ratified by all DEFENDANTS. The acts and conduct of each and every
25 defendant, as described herein, were intentional and/or harassing and/or were not a normal part of
26 PLAINTIFF'S employment and were not the result of a legitimate business necessity.

27     18.   PLAINTIFF is informed and believes and thereon alleges that at all relevant times
28 each of the DEFENDANTS was the integrated enterprise, joint employer of PLAINTIFF and was

1  engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such

2  other relationships to some or all of the other DEFENDANTS so as to be liable for the conduct of

3  them. PLAINTIFF performed services for each and every one of DEFENDANTS, and to the mutual

4  benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as employers,

5  either directly or indirectly, and of the manner in which DEFENDANTS' business was conducted.

6      19.    PLAINTIFF is further informed and believes and thereon alleges that all

7  DEFENDANTS acted pursuant to and within the scope of the relationships alleged above, that all

8  DEFENDANTS knew or should have known about, authorized, ratified, adopted, approved,

9  controlled, aided and abetted the conduct of all other DEFENDANTS; and that all DEFENDANTS

10  acted pursuant to a conspiracy and agreement to do the things alleged herein.

11      20.    PLAINTIFF makes the allegations in this complaint without any admission that, as to

12  any particular allegation, PLAINTIFF bears the burden of pleading, proof, or persuasion, and

13  PLAINTIFF reserves all of PLAINTIFF'S rights to plead in the alternative.

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15      21.    In or around May 11, 2004, PIER 1 IMPORTS (U.S.), INC. hired PLAINTIFF as a

16  Material Handler at their distribution center in Ontario, California. PLAINTIFF's duties included

17  but were not limited to receiving merchandise; shipping; stocking consolidating, and taking

18  inventory; and training new employees.

19      22.    PLAINTIFF performed his duties in a satisfactory manner throughout his

20  employment.

21      23.    On or around July 23, 2013, while working, PLAINTIFF felt pain in his lower back

22  while lifting heavy boxes. On or around July 23, 2013, PLAINTIFF reported his on-the-job injury to

23  DEFENDANTS and his supervisors and managers of his injury. At all times since July 23, 2013,

24  DEFENDANTS have been on notice of PLAINTIFF's physical disability. EMPLOYER sent

25  PLAINTIFF to a clinic where he was provided with work restrictions and placed off work.

26      24.    As a result of PLAINTIFF's injuries/disabilities, he sought reasonable

27  accommodations including but not limited to medical treatment, time off to see the doctor, finite

28  medical leave, and work restrictions.

25. In or around April 2016, PLAINTIFF underwent back surgery and was placed off work.

26. As a result, PLAINTIFF sought further accommodations from DEFENDANTS for his disabilities, including but not limited to time off to see the doctor, finite medical leave, no lifting more than 25 pounds, no prolonged standing, as well as a variety of other accommodations needed as a result of his disabilities.

27. Based on his disabilities, PLAINTIFF sought a good faith interactive process from DEFENDANTS.

28. Further, PLAINTIFF sought to take and/or took CFRA leave and/or leave that was CFRA eligible, including intermittent leave, during PLAINTIFF'S employment with DEFENDANTS. During PLAINTIFF'S employment, he exercised his rights to take and/or did take CFRA leave, as well as asserted/exercised his rights to take CFRA leave.

29. At all times, PLAINTIFF presented DEFENDANTS with his doctor's notes outlining his injuries/disabilities, his work restrictions, and his need for reasonable accommodations.

30. Nonetheless, DEFENDANTS failed to accommodate PLAINTIFF and failed to honor his doctor's work restrictions. Further, DEFENDANTS forced PLAINTIFF to go on medical leave instead of accommodating PLAINTIFF.

31. On or around December 2016, PLAINTIFF returned to work with restrictions. DEFENDANTS placed PLAINTIFF on light duty.

32. In or around January 2017, DEFENDANTS informed PLAINTIFF that they would no longer accommodate him with light duty work and placed him on a leave of absence.

33. In or around February 2017, PLAINTIFF applied of an administrative assistant position with DEFENDANTS and gave his application to DEFENDANTS' HR representative, DEFENDANT ZUNIGA. DEFENDANT ZUNIGA informed PLAINTIFF that he could not apply for this position because he was on a leave of absence.

34. On or around April 26, 2017, Plaintiff's employment was terminated.

35. DEFENDANTS terminated PLAINTIFF's employment not for any legitimate reason but because of her physical disabilities and/or perceived disabilities, request for reasonable

1    accommodations, exercise of rights under the California Family Rights Act, and need for leave

2    under the California Family Rights Act, and/or requesting/taking a medical leave, all in violation of

3    the law.

4         36.    PLAINTIFF has not been employed by DEFENDANTS since approximately April

5    26, 2017, and has not been reinstated, re-hired and/or re-employed by DEFENDANTS, at any time,

6    since April 26, 2017.

7                                    **FIRST CAUSE OF ACTION**

8    **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a):**

9              **DISPARATE TREATMENT BASED ON DISABILITY AND/OR PERCEIVED**

10                                          **DISABILITY**

11      **(By PLAINTIFF Against DEFENDANTS PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)**

12        37.    The allegations set forth in paragraphs 1 through 36 of this Complaint are re-alleged

13   and incorporated herein by reference as though fully set forth.

14        38.    The California Fair Employment and Housing Act ("FEHA"), codified in

15   Government Code Section 12900, *et seq.*, makes it unlawful for an employer to discriminate against

16   an employee on the basis of the employee's physical disability and/or perceived disability.

17        39.    At all times relevant herein PIER 1 IMPORTS (U.S.), INC. was an employer who

18   employed five (5) or more employees, and were therefore bound by FEHA.

19        40.    At all times mentioned in this complaint, PLAINTIFF was an employee of PIER 1

20   IMPORTS (U.S.), INC.

21        41.    PLAINTIFF'S protected status under FEHA is PLAINTIFF's disabilities, which

22   include but are not limited to a back injury caused by an on-the-job event, which (1) limited major

23   physical, mental, social and/or working life activities and made the achievement of major physical,

24   mental, social and/or working life activities difficult; (2) plaintiff had a record and/or history of,

25   which was known to the defendant EMPLOYER; (3) defendant EMPLOYER regarded and/or

26   treated plaintiff as having and/or having had, a condition that makes achievement of a life activity

27   difficult; and (4) defendant EMPLOYER regarded and/or treated plaintiff as having and/or having

28   had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, and/or health

1    impairment that has no present disabling effect but that may become a disability in the future.

2       42.     PIER 1 IMPORTS (U.S.), INC. knew, perceived, and/or believed that PLAINTIFF

3    had the aforementioned protected status, described hereinabove. Further, PIER 1 IMPORTS (U.S.),

4    INC. knew that PLAINTIFF suffered from a physical disability and/or perceived PLAINTIFF as

5    suffering from a physical disability which limits a major life activity including working and/or

6    treated PLAINTIFF as if he had a physical disability which limits a major life activity including

7    working.

8       43.     PLAINTIFF was able to perform the essential duties of his job with or without

9    reasonable accommodation for his physical disability and/or perceived disability.

10       44.     PIER 1 IMPORTS (U.S.), INC. failed and refused to accommodate the disability of

11    PLAINTIFF, as described hereinabove.

12       45.     PIER 1 IMPORTS (U.S.), INC. failed and refused to engage in a timely, good faith,

13    interactive process with PLAINTIFF to determine effective reasonable accommodations for

14    PLAINTIFF, who had a known physical disability, as described hereinabove. PIER 1 IMPORTS

15    (U.S.), INC., acting through its managing agents, terminated PLAINTIFF's employment on or

16    around April 26, 2017.

17       46.     PLAINTIFF's disability and/or perceived disability was a motivating reason for PIER

18    1 IMPORTS (U.S.), INC.'S decision to terminate PLAINTIFF's employment, in violation of

19    Government Code Section 12940(a).

20       47.     As a direct and proximate result of the aforementioned adverse employment actions

21    by PIER 1 IMPORTS (U.S.), INC. against PLAINTIFF, he has suffered and continues to sustain

22    substantial losses in earnings and other employment benefits in an amount according to proof at

23    trial.

24       48.     As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'S wrongful

25    termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress,

26    and mental pain and anguish, all to his damage in an amount according to proof at trial.

27       49.     The conduct which PLAINTIEF complains of in this complaint, and which is alleged

28    above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and

fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF are entitled to an award of exemplary damages according to proof. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of EMPLOYER.

50.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(m): FAILURE TO PROVIDE REASONABLE ACCOMMODATION

(By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)

51.    The allegations set forth in paragraphs 1 through 50 of this Complaint are re-alleged and incorporated herein by reference as though fully set forth.

52.    Government Code Section 12940(m) requires an employer to provide a disabled employee or an employee perceived to be disabled with a reasonable accommodation for his disability and/or perceived disability so as to perform the essential duties of the job.

53.    At all times relevant herein PIER 1 IMPORTS (U.S.), INC. was an employer who employed five (5) or more employees, and were therefore bound by FEHA.

54.    PLAINTIFF was an employee of PIER 1 IMPORTS (U.S.), INC.

55.    PIER 1 IMPORTS (U.S.), INC. knew that PLAINTIFF suffered from a physical disability and/or perceived PLAINTIFF as suffering from a physical disability which limits a major life activity and/or treated PLAINTIFF as if he had a physical disability which limits a major life activity.

56.    PIER 1 IMPORTS (U.S.), INC. knew that PLAINTIFF required reasonable accommodation(s) for physical disabilities to perform the essential functions of the job and/or

1  treated PLAINTIFF as though he required reasonable accommodation for physical disabilities to
2  perform the essential functions of the job.

3      57.    PLAINTIFF was able to perform the essential job duties with reasonable
4  accommodation(s) for physical disabilities and/or perceived physical disabilities.

5      58.    PIER 1 IMPORTS (U.S.), INC. failed to provide PLAINTIFF with a reasonable
6  accommodation for physical disability and/or perceived physical disability. Instead PIER 1
7  IMPORTS (U.S.), INC., acting through its managing agents, terminated PLAINTIFF'S employment
8  on or around April 26, 2017.

9      59.    PIER 1 IMPORTS (U.S.), INC. terminated PLAINTIFF'S employment and engaged
10  in adverse actions against PLAINTIFF as a direct result of EMPLOYER'S failure to engage in any
11  good faith interactive process and failure to accommodate, among other unlawful reasons

12      60.    PLAINTIFF is informed and believes and based thereon alleges that the decision to
13  terminate PLAINTIFF was made and/or ratified by PIER 1 IMPORTS (U.S.), INC.'S managing
14  agents, officers and/or directors who were conscious of PLAINTIFF's right to reasonable
15  accommodations under FEHA, but disregarded those rights and acted with the intent to cause
16  PLAINTIFF injury by terminating his employment with PIER 1 IMPORTS (U.S.), INC.'S disregard
17  of PLAINTIFF's statutory rights in violation of statute and public policy and would be looked down
18  on and despised by reasonable persons.

19      61.    As a direct and proximate result of the aforementioned adverse employment actions
20  by PIER 1 IMPORTS (U.S.), INC. against PLAINTIFF, he has suffered and continues to sustain
21  substantial losses in earnings and other employment benefits in an amount according to proof at
22  trial.

23      62.    As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'S wrongful
24  termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress,
25  and mental pain and anguish, all to his damage in an amount according to proof at trial.

26      63.    The conduct which PLAINTIFF complains of in this complaint, and which is alleged
27  above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and
28  fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF

1  is entitled to an award of exemplary damages according to proof. The aforementioned conduct on

2  which punitive damages is alleged, as described hereinabove, was done with the advance knowledge

3  by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the employee, and

4  the employee was employed with a conscious disregard of the rights and/or safety or others. The

5  aforementioned conducted on which punitive damages is alleged, as described hereinabove, was

6  authorized, ratified and/or committed by an officer, director, and/or managing agent of

7  EMPLOYER.

8      64.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

9  expenses in an amount according to proof at trial.

10                              **THIRD CAUSE OF ACTION**

11  **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(n):**

12              **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

13      **(By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)**

14      65.    The allegations set forth in paragraphs 1 through 64 of this Complaint are re-alleged

15  and incorporated herein by reference as though fully set forth.

16      66.    Government Code Section 12940(n) requires an employer to engage in an interactive

17  process in a timely and good faith manner to determine an effective reasonable accommodation for

18  an employee's disabilities.

19      67.    At all times relevant herein PIER 1 IMPORTS (U.S.), INC. was an employer who

20  employed five (5) or more employees, and were therefore bound by FEHA.

21      68.    PLAINTIFF was an employee PIER 1 IMPORTS (U.S.), INC.

22      69.    PLAINTIFF had a physical disability, which limited the major life activity of

23  working and/or PIER 1 IMPORTS (U.S.), INC. treated PLAINTIFF as if he had a physical disability

24  which limited a major life activity, and/or required reasonable accommodation for a physical

25  disability which limited a major life activity.

26      70.    PIER 1 IMPORTS (U.S.), INC. knew that PLAINTIFF had suffered from a physical

27  disability and/or treated PLAINTIFF as if he suffered from a physical disability.

28      71.    PIER 1 IMPORTS (U.S.), INC. breached its statutory duty under FEHA to engage

1    timely in a good faith interactive process to determine a reasonable accommodation for

2    PLAINTIFF's physical disability/perceived disability.  Instead, PIER 1 IMPORTS (U.S.), INC.,

3    acting through its managing agents, terminated PLAINTIFF's employment on or around April 26,

4    2017.

5         72.    PIER 1 IMPORTS (U.S.), INC. terminated PLAINTIFF'S employment and engaged

6    in adverse actions against PLAINTIFF as a direct result of EMPLOYER'S failure to engage in any

7    good faith interactive process and failure to accommodate, among other unlawful reasons

8         73.    As a direct and proximate result of the aforementioned adverse employment actions

9    by PIER 1 IMPORTS (U.S.), INC. against PLAINTIFF, he has suffered and continues to sustain

10   substantial losses in earnings and other employment benefits in an amount according to proof at

11   trial.

12        74.    As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'S wrongful

13   termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress,

14   and mental pain and anguish, all to his damage in an amount according to proof at trial.

15        75.    The conduct which PLAINTIFF complains of in this complaint, and which is alleged

16   above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and

17   fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF

18   are entitled to an award of exemplary damages according to proof.  The aforementioned conduct on

19   which punitive damages is alleged, as described hereinabove, was done with the advance knowledge

20   by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the employee, and

21   the employee was employed with a conscious disregard of the rights and/or safety or others. The

22   aforementioned conducted on which punitive damages is alleged, as described hereinabove, was

23   authorized, ratified and/or committed by an officer, director, and/or managing agent of

24   EMPLOYER.

25        76.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

26   expenses in an amount according to proof at trial.

27   //

28   //

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(h)

### (By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)

77.    The allegations set forth in paragraphs 1 through 76 of this Complaint are re-alleged and incorporated herein by reference as though fully set forth.

78.    Government Code section 12900, *et. seq.*, makes it unlawful to for an employer to retaliate against an individual with a disability who opposes any discriminatory practice, including employees who ask for reasonable accommodations.

79.    Under FEHA it is an unlawful employment practice to retaliate against an employee because of their protected status pursuant to FEHA. Further it is unlawful under FEHA for an employer to retaliate against an employee for exercising their rights under FEHA.

80.    At all times relevant herein PIER 1 IMPORTS (U.S.), INC. was an employer who employed five (5) or more employees, and were therefore bound by FEHA.

81.    PLAINTIFF was an employee of PIER 1 IMPORTS (U.S.), INC.

82.    During PLAINTIFF's employment with PIER 1 IMPORTS (U.S.), INC., he suffered from a physical disability, as described herein.

83.    PLAINTIFF's physical disability limited his ability to participate in major life activities, including work. PLAINTIFF was able to perform his essential job duties with reasonable accommodation(s) for his physical disability, including a leave of absence to allow PLAINTIFF to recover and/or work accommodations including, but not limited to, time off to recuperate.

84.    PIER 1 IMPORTS (U.S.), INC. knew that PLAINTIFF had a physical disability, which limited the major life activity and/or treated PLAINTIFF as if he had a physical disability which limited a major life activity.

85.    PLAINTIFF requested reasonable accommodations for his disabilities, including but not limited to time off work and light duty because of his work restrictions.

86.    PLAINTIFF opposed practices forbidden by FEHA; PLAINTIFF complained about and/or reported to PIER 1 IMPORTS (U.S.), INC. the failure to accommodate, failure to engage in a good faith interactive process and/or the denial or/interference with CFRA leave.

87.   When doing so, PLAINTIFF had protected status under FEHA, including for opposing practices forbidden by FEHA based on the above characteristics.

88.   PLAINTIFF'S opposing practices forbidden by FEHA, requesting accommodation, requesting a good faith interactive process, as stated above, was a substantial motivating factor in EMPLOYER'S aforementioned decisions that were adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment.

89.   PIER 1 IMPORTS (U.S.), INC. failed and refused to provide the aforementioned reasonable accommodations, and retaliated against PLAINTIFF because of his requests for reasonable accommodation, and complaints/reports to PIER 1 IMPORTS (U.S.), INC. about their failure to accommodate, failure to engage in a good faith interactive process and/or the denial or/interference with CFRA leave.

90.   EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status(es), described hereinabove.

91.   At all times mentioned in this complaint, PLAINTIFF performed work for EMPLOYER competently and in a satisfactory manner.

92.   On or around April 26, 2017, PIER 1 IMPORTS (U.S.), INC. terminated PLAINTIFF's employment.

93.   PLAINTIFF'S opposing practices forbidden by FEHA, requesting accommodation, requesting a good faith interactive process, as stated above, was a substantial motivating factor in EMPLOYER'S aforementioned decisions that were adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment.

94.   PLAINTIFF is informed and believes and based thereon alleges that the decision to terminate PLAINTIFF was made and/or ratified by PIER 1 IMPORTS (U.S.), INC.'S managing agents, officers and/or directors who were conscious of PLAINTIFF's right to reasonable accommodations under the FEHA, but disregarded those rights and acted with the intent to cause PLAINTIFF injury by terminating her employment. PIER 1 IMPORTS (U.S.), INC.'s disregard of PLAINTIFF's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons:

95.     As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'s wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

96.     As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'s wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at trial.

97.     In doing the acts herein alleged, PIER 1 IMPORTS (U.S.), INC. acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are liable for exemplary damages in an amount according to proof at trial.

98.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION

### FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT DISCRIMINATION AND RETALIATION FROM OCCURRING IN VIOLATION OF GOVERNMENT CODE § 12940(k)

### (By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)

99.     The allegations set forth in paragraphs 1 through 98 of this Complaint are re-alleged and incorporated herein by reference as though fully set forth.

100.     Government Code Section 12940, et seq., makes it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

101.     PIER 1 IMPORTS (U.S.), INC. failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, all in violation of FEHA.

102.     In violation of FEHA, PIER 1 IMPORTS (U.S.), INC. did not take all reasonable steps necessary to prevent the discrimination and retaliation against PLAINTIFF as described herein above.

103.     PLAINTIFF is informed and believes and based thereon alleges that the decision to

1    terminate PLAINTIFF was made and/or ratified by the PIER 1 IMPORTS (U.S.), INC.'S managing
2    agents, officers and/or directors who were conscious of PLAINTIFF's right to reasonable
3    accommodations under the FEHA, but disregarded those rights and acted with the intent to cause
4    PLAINTIFF injury by terminating his employment. PIER 1 IMPORTS (U.S.), INC.'S disregard of
5    PLAINTIFF's statutory rights is in violation of statute and public policy and would be looked down
6    on and despised by reasonable persons.

7        104.   As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'S wrongful
8    termination of PLAINTIFF's employment, PLAINTIFF has suffered and continues to sustain
9    substantial losses in earnings and other employment benefits in an amount according to proof at
10   trial.

11       105.   As a direct and proximate result of PIER 1 IMPORTS (U.S.), INC.'S wrongful
12   termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress,
13   and mental pain and anguish, all to his damage in an amount according to proof at trial.

14       106.   The conduct which PLAINTIFF complains of in this complaint, and which is alleged
15   above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and
16   fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF
17   are entitled to an award of exemplary damages according to proof. The aforementioned conduct on
18   which punitive damages is alleged, as described hereinabove, was done with the advance knowledge
19   by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the employee, and
20   the employee was employed with a conscious disregard of the rights and/or safety of others. The
21   aforementioned conducted on which punitive damages is alleged, as described hereinabove, was
22   authorized, ratified and/or committed by an officer, director, and/or managing agent of
23   EMPLOYER.

24       107.   PLAINTIFF has also incurred and continues to incur attorneys' fees and legal
25   expenses in an amount according to proof at trial.

26   //
27   //
28   //

<u>SIXTH CAUSE OF ACTION</u>

**VIOLATION OF GOVERNMENT CODE § 12945.2(a) OF THE CALIFORNIA FAMILY RIGHTS ACT**

**(By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)**

108.   The allegations set forth in paragraphs 1 through 107 of this Complaint are re-alleged and incorporated herein by reference as though fully set forth.

109.   The California Family Rights Act ("CFRA"), codified in Government Code Section 12945.1, *et seq.*, requires an employer to provide employees with certain rights to leave to attend to serious health conditions for themselves and close family members.

110.   PLAINTIFF was an employee of EMPLOYER.

111.   EMPLOYER employed 50 (fifty) or more employees within seventy-five (75) miles of PLAINTIFF'S workplace.

112.   On all occasions that PLAINTIFF took medical leave, he had more than twelve (12) months' service with EMPLOYER, had worked at least one thousand two hundred fifty (1,250) hours for EMPLOYER during the previous twelve (12) months, and had taken no more than twelve (12) weeks of family or medical leave in the preceding twelve (12) month period.

113.   PLAINTIFF was eligible for CFRA leave.

114.   PLAINTIFF requested to take and/or took family leave for his own serious health condition.

115.   PLAINTIFF provided reasonable notice to EMPLOYER of his need for family leave, including its timing and length.

116.   EMPLOYER refused to grant PLAINTIFF leave to tend to his own serious health condition and/or refused return PLAINTIFF to the same or comparable job. Instead, EMPLOYER, acting through its managing agents, terminated PLAINTIFF'S employment on or around April 26, 2017.

117.   As a direct and proximate result of EMPLOYER's wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

118.   As a direct and proximate result of EMPLOYER'S wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at trial.

119.   The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF are entitled to an award of exemplary damages according to proof. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of EMPLOYER.

120.   PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

### RETALIATION FOR TAKING/REQUESTING CFRA IN VIOLATION OF GOVERNMENT CODE § 12945.2(l)

### (By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)

121.   The allegations set forth in paragraphs 1 through 120 of this Complaint are re-alleged and incorporated herein by reference as though fully set forth.

122.   Government Code Section 12945.2(l) of CFRA prohibits an employer from terminating an employee because of the employee's exercise of her rights under CFRA to family or medical leave.

123.   PLAINTIFF was an employee of EMPLOYER.

124.   EMPLOYER employed 50 (fifty) or more employees within seventy-five (75) miles of PLAINTIFF'S workplace.

125.   On all occasions that PLAINTIFF took medical leave, he had more than twelve (12)

1 | months' service with EMPLOYER, had worked at least one thousand two hundred fifty (1,250)

2 | hours for EMPLOYER during the previous twelve (12) months, and had taken no more than twelve

3 | (12) weeks of family or medical leave in the preceding twelve (12) month period.

4 | 126. PLAINTIFF was eligible for CFRA leave.

5 | 127. EMPLOYER refused to grant PLAINTIFF leave to tend to his own serious health

6 | condition and/or refused return PLAINTIFF to the same or comparable job. Instead, EMPLOYER,

7 | acting through its managing agents, terminated PLAINTIFF'S employment on or around April 26,

8 | 2017.

9 | 128. PLAINTIFF'S requesting to take and/or taking of CFRA leave was a motivating

10 | reason for terminating his employment, in violation of Government Code Section 12945.2(l).

11 | 129. As a direct and proximate result of EMPLOYER'S wrongful termination of

12 | PLAINTIFF'S employment, PLAINTIFF has suffered and continues to sustain substantial losses in

13 | earnings and other employment benefits in an amount according to proof at trial.

14 | 130. As a direct and proximate result of EMPLOYER'S wrongful termination of

15 | PLAINTIFF'S employment, PLAINTIFF has suffered humiliation, emotional distress, and mental

16 | pain and anguish, all to his damage in an amount according to proof at trial.

17 | 131. The conduct which PLAINTIFF complains of in this complaint, and which is alleged

18 | above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and

19 | fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF

20 | are entitled to an award of exemplary damages according to proof. The aforementioned conduct on

21 | which punitive damages is alleged, as described hereinabove, was done with the advance knowledge

22 | by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the employee, and

23 | the employee was employed with a conscious disregard of the rights and/or safety or others. The

24 | aforementioned conducted on which punitive damages is alleged, as described hereinabove, was

25 | authorized, ratified and/or committed by an officer, director, and/or managing agent of

26 | EMPLOYER.

27 | 132. PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

28 | expenses in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (By PLAINTIFF Against Defendant PIER 1 IMPORTS (U.S.), INC. and DOES 1-50)

133.    The allegations set forth in paragraphs 1 through 132 of this Complaint are re-alleged and incorporated herein by reference.

134.    Government Code Sections 12940(a) and 12926(d) state that employment discrimination based upon disability and/or perceived disability is contrary to the public policy of the State of California.

135.    The prohibition against employment discrimination based upon disability and/or perceived disability is a substantial and fundamental public policy of the State of California. *City of Moorpark v. Sup. Ct. (Dillon)* (1998) 18 Cal.4th 1143, 1159-1161.

136.    DEFENDANTS terminated PLAINTIFF'S employment in violation of the public policy against employment discrimination based on disability and/or perceived disability.

137.    Government Code Section 12945.1, *et seq.*, prohibits an employer from terminating or otherwise discriminating against an employee who exercises his or her statutory right to take family and medical leave for his or her own serious medical condition or that of an immediate family member.

138.    The prohibition against employment discrimination based upon taking family and medical leave is a substantial and fundamental public policy of the State of California. *Nelson v. United Technologies* (1999) 74 Cal.App.4th 597, 608-612.

139.    DEFENDANTS terminated PLAINTIFF'S employment in violation of the public policy against discrimination based on exercise of rights to family and/or medical leave under CFRA.

140.    PLAINTIFF is informed and believes and based thereon alleges that the decision to terminate PLAINTIFF was made and/or ratified by the DEFENDANTS' managing agents, officers and/or directors who were conscious of PLAINTIFF's right to reasonable accommodations under the FEHA, but disregarded those rights and acted with the intent to cause PLAINTIFF injury by terminating his employment. DEFENDANT's disregard of PLAINTIFF's statutory rights is in

1  violation of statute and public policy and would be looked down on and despised by reasonable

2  persons.

3      141.  As a direct and proximate result of DEFENDANTS' wrongful termination of

4  PLAINTIFF's employment, PLAINTIFF has suffered and continues to sustain substantial losses in

5  earnings and other employment benefits in an amount according to proof at trial.

6      142.  As a direct and proximate result of DEFENDANTS' wrongful termination of

7  PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and mental

8  pain and anguish, all to her damage in an amount according to proof at trial.

9      143.  The conduct which PLAINTIFF complains of in this complaint, and which is alleged

10 above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and

11 fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such PLAINTIFF

12 are entitled to an award of exemplary damages according to proof. The aforementioned conducted

13 on which punitive damages is alleged, as described hereinabove, was done with the advance

14 knowledge by an officer, director and/or managing agent of EMPLOYER, of the unfitness of the

15 employee, and the employee was employed with a conscious disregard of the rights and/or safety of

16 others. The aforementioned conducted on which punitive damages is alleged, as described

17 hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing

18 agent of EMPLOYER.

19     144.  PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

20 expenses in an amount according to proof at trial.

21                    **NINTH CAUSE OF ACTION**

22         **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

23     **(By PLAINTIFF Against EMPLOYER and ZUNIGA, and DOES 1-100)**

24     145.  Plaintiff hereby incorporates by reference paragraphs 1-144, as if fully set herein by

25 reference.

26     146.  The aforementioned conduct by EMPLOYER and ZUNIGA were outrageous.

27     147.  The aforementioned conduct by EMPLOYER and ZUNIGA were directed at

28 PLAINTIFF, and done in his presence.

148.   EMPLOYER and ZUNIGA intended to cause PLAINTIFF emotional distress and/or acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress when EMPLOYER and ZUNIGA engaged in the aforementioned outrageous conduct.

149.   PLAINTIFF is informed and believes and thereon alleges that as Defendant ZUNIGA's employer, EMPLOYER knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted ZUNIGA's conduct and/or acted pursuant to a conspiracy and agreement to do the things alleged herein, and is therefore liable for Defendant ZUNIGA's conduct. Since said conduct of Defendant ZUNIGA occurred in the course and scope of their employment, Defendant ZUNIGA is therefore liable to PLAINTIFF pursuant to *respondeat superior*.

150.   The discrimination, harassment, and retaliation based on Plaintiff's disabilities, and complaints of harassment and discrimination based on disability, and other conduct alleged herein, as well as the Defendants' failure to remedy any discrimination, harassment and wrongdoing, were extreme and outrageous acts, and were taken with the intention of causing Plaintiff extreme emotional distress, humiliation, embarrassment and mental anguish. Such conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

151.   As a direct and proximate result of the failure to act by the Defendants to remedy said discrimination and harassment, Plaintiff has suffered damages in the form of lost wages and employment benefits in an amount to be proved at the time of trial, but in any event sufficient to satisfy the jurisdictional limits of this Court. Plaintiff has also been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities. Plaintiff also suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at trial.

152.   Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights

1    and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate

2    Defendant by and through its officers, directors and managing agents, and each individual

3    Defendant, including aided, abetted, authorized and ratified the wrongful conduct herein alleged.

4    Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with

5    the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights, and/or with an

6    improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive

7    damages, in addition to compensatory damages, from Defendants in an amount according to proof

8                                          **PRAYER FOR RELIEF**

9         **WHEREFORE, PLAINTIFF** prays for relief and judgment against Defendants as follows:

10   WHEREFORE, PLAINTIFF prays for relief and judgment against DEFENDANTS as follows:

11        A.      For such general, special and compensatory damages as may be appropriate,

12   including all damages alleged above;

13        B.      For past and future lost income and benefits according to proof;

14        C.      For emotional distress damages;

15        D.      For exemplary damages;

16        E.      For pre-judgment and post-judgment interest on all damages awarded;

17        F.      For reinstatement to her position with DEFENDANTS;

18        G.      Costs of suit;

19        H.      Reasonable attorneys' fees pursuant to FEHA; and

20        I.      Such other relief as the Court deems just and proper.

21   Dated: March 7, 2019                    Respectfully submitted,
                                             **LAVI & EBRAHIMIAN, LLP**
22

23                                           By: _____
                                                 N. Nick Ebrahimian, Esq.
24                                               Tielle Shu, Esq.
                                                 Michael Massmann, Esq.
25                                               Attorneys for PLAINTIFF
                                                 EVIST HERRERA
26

27

28

---
                            **PLAINTIFF'S COMPLAINT FOR DAMAGES**
                                            23

1

**DEMAND FOR JURY TRIAL**

2

    PLAINTIFF EVIST HERRERA demands a trial by jury on all claims so triable.

3

4

Dated:  March 7, 2019               Respectfully submitted,

5

                           LAVI & EBRAHIMIAN, LLP

6

7

By: _____

8

                      N. Nick Ebrahimian, Esq.
                      Tielle Shu, Esq.

9

                      Michael Massmann, Esq.
                      Attorneys for PLAINTIFF

10

                      EVIST HERRERA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"Exhibit 1"

COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Evist Herrera                                           DFEH No. 201803-01506809

                                    Complainant,

vs.

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

                                    Respondent.

1. Respondent Pier 1 Imports  is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant Evist Herrera, resides in the City of Fontana State of California.

3. Complainant alleges that on or about April 26, 2017, respondent took the following adverse actions:

Complainant was discriminated against because of complainant's family care or medical leave (cfra), disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated.

Complainant experienced retaliation because complainant requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated.

Additional Complaint Details: I was discriminated against, retaliated against, and ultimately terminated because of my physical disability, my perceived physical disability, my work restrictions, my request for accommodation, for requesting and taking a medical leave of absence, and for reporting a work related injury.

-1-
*Complaint – DFEH No. 201803-01506809*

Date Filed: March 9, 2018

1    VERIFICATION

2    I, **Evist Herrera**, am the **Complainant** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof.  The same is true of my own
     knowledge, except as to those matters which are therein alleged on information and
4    belief, and as to those matters, I believe it to be true.

5    On March 9, 2018, I declare under penalty of perjury under the laws of the State of
     California that the foregoing is true and correct.
6
7                                                               Fontana, California
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
                                            -2-
27                            Complaint – DFEH No. 201803-01506809
28   Date Filed: March 9, 2018

"Exhibit 2"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 9, 2018

Evist Herrera
7605 Blancherd Avenue
Fontana, California 92336

RE:    **Notice to Complainant**
       DFEH Matter Number: 201803-01506809
       Right to Sue: Herrera / Pier 1 Imports

Dear Evist Herrera:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 9, 2018

RE:   Notice of Filing of Discrimination Complaint
      DFEH Matter Number: 201803-01506809
      Right to Sue: Herrera / Pier 1 Imports

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800)-884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 9, 2018

Evist Herrera
7605 Blancherd Avenue
Fontana, California 92336

RE:  Notice of Case Closure and Right to Sue
     DFEH Matter Number: 201803-01506809
     Right to Sue: Herrera / Pier 1 Imports

Dear Evist Herrera,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 9, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

"Exhibit 3"

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

# You Don't Have to Sue

## Here are Some Other Ways



## To Resolve a Civil Dispute

# Introduction

Did you know that most civil lawsuits settle without a trial?

In addition, did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are Mediation, Arbitration, and Settlement Conferences There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- ADR can save money. Court costs, attorney fees, and expert fees can be saved.
- ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- ADR can reduce stress. There are fewer, if any court appearances. In addition, because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.
- ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California State Courts and discusses when each may be right for a dispute.

## • Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## • Arbitration

In Arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal, much speedier, and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## • Settlement Conferences

In a Settlement Conference a neutral, who conducts the conference, meets with both sides and confers with each, often separately, to attempt to get the parties to evaluate and re-evaluate their case so as to achieve a negotiated settlement. Essentially, the neutral simply assists the parties to negotiate a resolution. Settlement conferences may occur at any time in the course of the dispute or litigation, and often are required as a case nears trial.

## Additional Information

There are several other types of ADR besides mediation and arbitration. Some of these are conciliation, case evaluation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering. Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of any attorney as to your legal rights and other matters relating to the dispute.

# Whom Do You Call?

To locate a dispute resolution program or neutral in our community:

- **California Department of Consumer Affairs**
  **Consumer Information Center**
  **Toll free, -800-952-5210**

  **-or-**

**The Riverside County Bar Association**
**Dispute Resolution Program**
**4129 Main Street, Suite 100**
**Riverside, California 92501**
**909-682-1015**

(Civil Cases, exclusive of Family Law
 Cases)

**The Department of Community Action**
**Dispute Resolution Program**
**2038 Iowa Ave., Suite B-102**
**Riverside, CA 92507**
**909-955-4900**
**909-955-4901**
In addition, you may look in the telephone book or legal directory for organizations who
provide private mediation/arbitration.

(Small Claims Cases, Civil Cases and
 Civil Harassment Cases)

Alternative Dispute Resolution
Page 4 of 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE** Street Address: Mailing Address: City and Zip Code: Branch Name: | |
| PLAINTIFF: DEFENDANT: | |
| **STIPULATION AND ORDER TO PARTICIPATE IN ARBITRATION** | CASE NUMBER: |

**CASE MANAGEMENT CONFERENCE DATE** (date): _____

The parties in the above entitled action hereby stipulate to participate in arbitration proceedings. Each party having full authority to resolve the dispute agrees to be adequately prepared to meaningfully participate in the arbitration process and will fully cooperate with the arbitrator in scheduling the arbitration hearing.

Name of Parting Stipulating to Arbitration    Print Name of Party or Attorney    Signature of Party or Attorney
□ Plaintiff  □ Defendant  □ Other:

Name of Parting Stipulating to Arbitration    Print Name of Party or Attorney    Signature of Party or Attorney
□ Plaintiff  □ Defendant  □ Other:

Name of Parting Stipulating to Arbitration    Print Name of Party or Attorney    Signature of Party or Attorney
□ Plaintiff  □ Defendant  □ Other:

Name of Parting Stipulating to Arbitration    Print Name of Party or Attorney    Signature of Party or Attorney
□ Plaintiff  □ Defendant  □ Other:

Name of Parting Stipulating to Arbitration    Print Name of Party or Attorney    Signature of Party or Attorney
□ Plaintiff  □ Defendant  □ Other:

**IT IS SO ORDERED:**
Arbitration to be completed by (date): _____

Date: _____

07/02 - CRI2101.9(a)

Judge of the Superior Court

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

Name of Parting Stipulating to Arbitration
☐ Plaintiff  ☐ Defendant  ☐ Other:

Print Name of Party or Attorney

Signature of Party or Attorney

---

## STIPULATION TO PARTICIPATE IN ARBITRATION
### ADDITIONAL PAGE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE



## NOTICE OF CIVIL CASE MANAGEMENT RULES

**SERVICE:** Unless otherwise permitted by the court, the plaintiff must serve each defendant with the complaint and a copy of this Notice of Civil Case Management Rules, the Notice of Assignment and the Alternative Dispute Resolution (ADR) packet. The plaintiff must file proof of service **within 60 days** of the filing of the complaint. If the complaint is amended to add a new defendant, the plaintiff must serve the defendant (as described above) and subsequently file proof of service **within 30 days** of the filing of the amended complaint.

Upon the filing of a cross-complaint, the cross-complainant must serve each new party with the cross-complaint and a copy of this Notice of Civil Case Management Rules, Notice of Assignment, and the Alternative Dispute Resolution (ADR) packet. The cross-complainant must file proof of service **within 30 days** of the filing of the cross-complaint. If a party has previously appeared in the action, a proof of service must accompany the cross-complaint at the time of filing.

**DEFAULT:** If a responsive pleading is not filed and served within the specified time, the plaintiff must file a Request for Entry of Default **no later than 10 days** after the responsive pleading was due.

**CASE MANAGEMENT CONFERENCE:** Parties must meet and confer, in person or by telephone, **at least 30 days** before the Case Management Conference. **No later than 15 days** prior to the Case Management Conference, each party must file a Case Management Statement with the Court and serve it on all parties in the action. Parties are encouraged to file a joint Case Management Statement, in lieu of each party filing a separate statement. Parties must use the mandatory Case Management Statement (Judicial Council form CM-110). Each party who has appeared in the action must be present at the Case Management Conference.

**SANCTIONS:** The Court may impose monetary sanctions if a party fails to comply with these requirements or any other state or local rules.

07/01/02

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                        CASE NO: CIVDS1907337

  LAVI & EBRAHIMIAN, LLP
  8889 WEST OLYMPIC BLVD
  STE 200
  BEVERLY HILLS CA 90211
                         NOTICE OF TRIAL SETTING CONFERENCE


IN RE: HERRERA-V-PIER 1

THIS CASE HAS BEEN ASSIGNED TO: MICHAEL A SACHS IN DEPARTMENT S28
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 09/06/19 at  8:30 in Dept. S28


DATE: 03/07/19  Nancy Eberhardt, Court Executive Officer
                                        By: BRENDA MATSUMURA
------------------------------------------------------------------------
------------------------------------------------------------------------
                     CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 03/07/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/07/19 at San Bernardino, CA

                              BY: BRENDA MATSUMURA

Joseph Lavi Esq. (SBN 209776)
jlavi@lelawfirm.com
Tielle Shu, Esq. (SBN 303085)
tshu@lelawfirm.com
Michael Massmann, Esq. (SBN 313749)
mmassmann@@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd. Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF EVIST HERRERA,
on behalf of himself and others similarly situated.

RECEIVED

MAR 2 1 2019

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| EVIST HERRERA, | Case No.: CIVDS1907337 |
| PLAINTIFF, | [Assigned for all purposes to the Hon. Michael A. Sachs; Dept. S28] |
| vs. | PLAINTIFF'S PEREMPTORY CHALLENGE (PURSUANT TO C.C.P. §170.6); DECLARATION OF MICHAEL MASSMANN |
| PIER 1 IMPORTS (U.S.), INC.; DAISY ZUNIGA; and DOES 1-100, inclusive, | |
| DEFENDANTS. | |

TO THE HONORABLE JUDGE OF THE SUPERIOR COURT, ALL PARTIES, AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff EVIST HERRERA ("Plaintiff") hereby moves,

pursuant to California Code of Civil Procedure section 170.6, to disqualify the Honorable Michael

A. Sachs, the judge to whom this matter has been assigned for all purposes, and that no matters

hereinafter arising in this case be heard or assigned to Judge Sachs on the ground that said judge is

prejudiced against Plaintiff and the interests of Plaintiff in this action.

This motion is timely, as it is being filed within 15 days of assignment to Judge Sachs. (Code

Civ. Proc. §170.6, subd. (a)(2) ["If directed to the trial of a civil cause that has been assigned to a

1    judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a

2    party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in

3    the action, then within 15 days after the appearance."].) Further, because Plaintiff has not previously

4    made a peremptory challenge to a judge in this action, this request is properly granted. (Code Civ.

5    Proc. §170.6, subd. (a)(3).)

6          This motion is based on the matters contained herein, section 170.6 of the California Code of

7    Civil Procedure, and the supporting declaration of Michael Massmann filed concurrently herewith.

8

9    Dated: March 21, 2019                          Respectfully submitted,
                                                     **LAVI & EBRAHIMIAN, LLP**
10

11                                        By: _____
12                                              Joseph Lavi, Esq.
                                                Tielle Shu, Esq.
13                                              Michael Massmann, Esq.
                                                Attorneys for PLAINTIFF
14                                              EVIST HERRERA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MICHAEL MASSMANN

I, Michael Massmann, declare as follows:

1.      I am a member of the State Bar of California and am admitted to practice before this court. I am an associate attorney with the law firm of Lavi & Ebrahimian, LLP, counsel of record for Plaintiff EVIST HERRERA, ("Plaintiff") who is a party to this action. I have personal knowledge of the facts set forth in this declaration and, if called, as a witness, I could and would testify competently to such facts.

2.      The Honorable Michael A. Sachs, the judge to whom this matter has been assigned for all purposes, is prejudiced against Plaintiff, Plaintiff's attorney, and the interests of the Plaintiff and Plaintiff's attorney so that I believe Plaintiff cannot have a fair and impartial trial before this judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this March 21, 2019, at Beverly Hills, California.

Michael Massmann

DECLARATION OF MICHAEL MASSMANN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210
------------------------------------------------------------
------------------------------------------------------------

                                        CASE NO: CIVDS1907337

    LAVI & EBRAHIMIAN, LLP
    8889 WEST OLYMPIC BLVD
    STE 200
    BEVERLY HILLS CA 90211

        I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

        MINUTE ORDER RE: REASSIGNMENT

------------------------------------------------------------
------------------------------------------------------------
                CERTIFICATE OF SERVICE:
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 03/29/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/29/19 at San Bernardino, CA

                                BY: KIMBERLY HOTCHKISS
------------------------------------------------------------
            M A I L I N G   C O V E R   S H E E T

COUNTY OF SAN BERNARDINO SUPERIOR COURT
SAN BERNARDINO JUSTICE CENTER
247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

NOTICE OF REASSIGNMENT
CASE NO: CIVDS1907337

Title of Case: HERRERA-V-PIER 1

Party Noticed:

LAVI & EBRAHIMIAN, LLP
8889 WEST OLYMPIC BLVD

STE 200
BEVERLY HILLS CA 90211
(310) 432-0000

PLEASE TAKE NOTICE:

The Court finds the Affidavit of Prejudice pursuant to CCP170.6
filed by EVIST HERRERA as to Judge  MICHAEL A SACHS timely. Case
reassigned to Judge  KEITH D DAVIS for all purposes.

CASE ASSIGNED TO JUDGE                    FOR ALL PURPOSES.

CERTIFICATE OF SERVICE BY MAIL

I hereby certify that I am a citizen of the United States of America,
over the age of 18, a resident of the above named County and State, &
not a party to, nor interested in, the proceedings named in the title
of the above Notice of Reassignment.
I am a Deputy Clerk in the above named County. On the date of mailing
shown below, I deposited in the U. S. Mail, at the location shown, a
sealed envelope (postage prepaid) which contained a true copy of this
notice and was addressed as shown above.

Date of Mailing: 03/29/19
Place of Mailing: San Bernardino, California

Executed on 03/29/19, at San Bernardino, CA.
                              By: KIMBERLY HOTCHKISS

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:      CIVDS1907337                    DATE: 03/29/19

CASE TITLE:   HERRERA-V-PIER 1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DEPT: S28 03/29/19 TIME:  8:30
Hearing Re: REASSIGNMENT PURSUANT TO CCP 170.6
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMPLAINT TYPE: WT

---

 MICHAEL A SACHS, JUDGE

Clerk: KIMBERLY HOTCHKISS

Court Reporter No Reporter: None

Court Attendant M Kilgore


PROCEEDINGS:

Predisposition Hearing Held

The court finds the Affidavit of Prejudice pursuant to CCP170.6 filed
as to Judge  MICHAEL A SACHS timely. Matter is referred to the
supervising judge for reassignment.


The Court finds the Affidavit of Prejudice pursuant to CCP170.6 filed
by EVIST HERRERA as to Judge  MICHAEL A SACHS timely. Case reassigned
to Judge  KEITH D DAVIS for all purposes.

Case reassigned to Department S25 for all purposes.


HEARINGS:

Hearing date of 09/06/19 confirmed.

Notice given by Judicial Assistant

Correspondence coversheet generated to mail MINUTE ORDER RE:
REASSIGNMENT to counsel of record.

Action - Complete

=== MINUTE ORDER END ===

=== MINUTE ORDER END ===

LAW OFFICES OF
## LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 432-0000
FACSIMILE: (310) 432-0001
WWW.LELAWFIRM.COM

May 07, 2019

VIA CERTIFIED U.S. MAIL
NO.: 7018 1130 0001 5778 0430

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

Re:    *Evist Herrera vs. Pier 1 Imports, et al.*

Dear Sir/Madam:

Pursuant to the California Government Code §12962 and the Assembly Bill 1536 relating to the service of a claimant's charges with the Department of Fair Employment and Housing ("DFEH") and the Right-To-Sue Letters on his or her employer, enclosed please find copies of Mr. Evist Herrera's DFEH Charges and Right-To-Sue Letters concerning his claims of discrimination, retaliation, and wrongful termination against Pier 1 Imports, et al.

Please contact us to discuss resolution of this matter. Thank you in advance for your anticipated courtesy and corporation.

Very truly yours,

LAVI & EBRAHIMIAN, LLP

Jessica Arellano
Legal Administrative Assistant to
Michael Massmann, Esq.

MM/ja
Enclosures as stated above.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 9, 2018

Evist Herrera
7605 Blancherd Avenue
Fontana, California 92336

RE:   **Notice to Complainant**
      DFEH Matter Number: 201803-01506809
      Right to Sue: Herrera / Pier 1 Imports

Dear Evist Herrera:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer. You must serve the complaint separately, to all named
respondents. If you do not have an attorney, you must serve the complaint yourself.
Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of
Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 9, 2018

RE:   Notice of Filing of Discrimination Complaint
      DFEH Matter Number: 201803-01506809
      Right to Sue: Herrera / Pier 1 Imports

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                                                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 9, 2018

Evist Herrera
7605 Blanchard Avenue
Fontana, California 92336

RE:   Notice of Case Closure and Right to Sue
      DFEH Matter Number: 201803-01506809
      Right to Sue: Herrera / Pier 1 Imports

Dear Evist Herrera,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
9, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Evist Herrera                                                DFEH No. 201803-01506809

                        Complainant,

vs.

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

                        Respondent.

_____

1. Respondent Pier 1 Imports  is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant Evist Herrera, resides in the City of Fontana State of California.

3. Complainant alleges that on or about April 26, 2017, respondent took the following adverse actions:

Complainant was discriminated against because of complainant's family care or medical leave (cfra), disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated.

Complainant experienced retaliation because complainant requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated.

Additional Complaint Details: I was discriminated against, retaliated against, and ultimately terminated because of my physical disability, my perceived physical disability, my work restrictions, my request for accommodation, for requesting and taking a medical leave of absence, and for reporting a work related injury.

-1-
Complaint – DFEH No. 201803-01506809

Date Filed: March 9, 2018

1  VERIFICATION.

2  I, **Evist Herrera**, am the **Complainant** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof.  The same is true of my own
   knowledge, except as to those matters which are therein alleged on information and
4  belief, and as to those matters, I believe it to be true.

5  On March 9, 2018, I declare under penalty of perjury under the laws of the State of
6  California that the foregoing is true and correct.

7                                                          Fontana, California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -2-
27                        Complaint – DFEH No. 201803-01506809

28  Date Filed: March 9, 2018



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

7018 1130 0001 5778 0430

Postmark
Here

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3861 8060 3553 39

2. Article Number *(Transfer from service label)*
7018 1130 0001 5778 0430

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☒ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING#

9590 9402 3861 8060 3553 39

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box *

LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211

DFAH Enisi Herrera vs. Pier I imports

DEeH / NNE | LNL / MM | JA

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

9590 9402 3861 8060 3553 39

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7018 1130 0001 5778 0430

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

CERTIFIED MAIL

LAW OFFICES OF
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211



7018 1130 0001 5778 0430



US POSTAGE
02 1P        $ 006.80
0001217807   MAR 07 2019
MAILED FROM ZIP CODE 90211

Pier 1 Imports
3000 E. Philadelphia Street
Ontario, California 91761

N. Nick Ebrahimian, Esq. (State Bar No. 219270)
nebrahimian@lelawfirm.com
Lindsay N. Leventhal, Esq. (SBN 290842)
lleventhal@lelawfirm.com
Michael Massmann, Esq. (State Bar No. 313749)
mmassmann@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd. Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF
EVIST HERRERA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNADINO

| | |
|---|---|
| EVIST HERRERA, an individual<br><br>PLAINTIFF,<br><br>vs.<br><br>PIER 1 IMPORTS (U.S.), INC., a corporation;<br>and DOES 1-100, Inclusive,<br><br>DEFENDANTS. | Case No.: CIVDS1907337<br><br>**CLASS ACTION**<br><br>*[Assigned for all purposes to the Hon. Keith D. Davis, Department S25]*<br><br>**PLANTIFF'S NOTICE OF CASE REASSIGNMENT** |

**TO THE HONORABLE JUDGE OF THE SUPERIOR COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT effective March 29, 2019, an order was made that the above entitled action, previously assigned to Michael A. Sachs, is now and shall be reassigned to Keith D. Davis as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department S25. All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the Court.

NOTICE IS FURTHER GIVEN that the order directs that Plaintiff(s) and counsel for the in Plaintiff(s)' shall give notice on all parties to this action within 10 days of service of this Notice by

the court and file a proof of service thereof within 12 days of this Notice. A true and correct copy of the March 29, 2019 Minute Order is attached hereto as **"Exhibit 1."**

Dated: April 5, 2019,                    Respectfully submitted,

                                          **LAVI & EBRAHIMIAN, LLP**

                                          By: _____
                                              N. Nick Ebrahimian, Esq.
                                              Lindsay N. Leventhal, Esq.
                                              Michael Massmann, Esq.
                                              Attorneys for PLAINTIFFS
                                              EVIST HERRERA

"Exhibit 1"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210
--------------------------------------------------------------------
--------------------------------------------------------------------

CASE NO: CIVDS1907337

LAVI & EBRAHIMIAN, LLP
8889 WEST OLYMPIC BLVD
STE 200
BEVERLY HILLS CA 90211


I M P O R T A N T   C O R R E S P O N D E N C E


From the above entitled court, enclosed you will find:

MINUTE ORDER RE: REASSIGNMENT


--------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 03/29/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/29/19 at San Bernardino, CA

BY: KIMBERLY HOTCHKISS
--------------------------------------------------------------------
M A I L I N G   C O V E R   S H E E T

COUNTY OF SAN BERNARDINO SUPERIOR COURT
SAN BERNARDINO JUSTICE CENTER
247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

NOTICE OF REASSIGNMENT
CASE NO: CIVDS1907337

Title of Case: HERRERA-V-PIER 1

Party Noticed:

LAVI & EBRAHIMIAN, LLP
8889 WEST OLYMPIC BLVD.

STE 200
BEVERLY HILLS CA 90211
(310) 432-0000

PLEASE TAKE NOTICE:


The Court finds the Affidavit of Prejudice pursuant to CCP170.6
filed by EVIST HERRERA as to Judge  MICHAEL A SACHS timely. Case
reassigned to Judge  KEITH D DAVIS for all purposes.



CASE ASSIGNED TO JUDGE                    FOR ALL PURPOSES.
_____

_____
                    CERTIFICATE OF SERVICE BY MAIL

I hereby certify that I am a citizen of the United States of America,
over the age of 18, a resident of the above named County and State, &
not a party to, nor interested in, the proceedings named in the title
of the above Notice of Reassignment.
I am a Deputy Clerk in the above named County. On the date of mailing
shown below, I deposited in the U. S. Mail, at the location shown,  a
sealed envelope (postage prepaid) which contained a true copy of this
notice and was addressed as shown above.

Date of Mailing: 03/29/19
Place of Mailing: San Bernardino, California


Executed on 03/29/19, at San Bernardino, CA.
                         By:  KIMBERLY HOTCHKISS

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:      CIVDS1907337              DATE:   03/29/19

CASE TITLE:   HERRERA-V-PIER 1

------------------------------------------------------------------
DEPT: S28 03/29/19 TIME:  8:30
Hearing Re: REASSIGNMENT PURSUANT TO CCP 170.6
------------------------------------------------------------------

COMPLAINT TYPE: WT

_____

 MICHAEL A SACHS, JUDGE

 Clerk: KIMBERLY HOTCHKISS

 Court Reporter No Reporter; None

 Court Attendant M Kilgore

 -

 PROCEEDINGS:

 Predisposition Hearing Held

 The court finds the Affidavit of Prejudice pursuant to CCP170.6 filed
 as to Judge  MICHAEL A SACHS timely. Matter is referred to the
 supervising judge for reassignment.

 -

 The Court finds the Affidavit of Prejudice pursuant to CCP170.6 filed
 by EVIST HERRERA as to Judge  MICHAEL A SACHS timely. Case reassigned
 to Judge  KEITH D DAVIS for all purposes.

 Case reassigned to Department S25 for all purposes.

 -

 HEARINGS:

 Hearing date of 09/06/19 confirmed.

 Notice given by Judicial Assistant

 Correspondence coversheet generated to mail MINUTE ORDER RE:
 REASSIGNMENT to counsel of record.

 Action - Complete

 === MINUTE ORDER END ===

 === MINUTE ORDER END ===

| | |
|---|---|
| **HERRERA vs. PIER 1 IMPORTS (U.S), INC.** | **CASE NO.: CIVDS1907337** |

### PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On April 5, 2019, I served the foregoing document, described as:

### "PLANTIFF'S NOTICE OF CASE REASSIGNMENT"

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Attorneys for all Defendants:* | |
|---|---|
| Pier 1 Imports<br>3000 E. Philadelphia Street<br>Ontario, California 91761 | |

☒ **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney listed above.

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on April 5, 2019, at Beverly Hills, California.

Rosa Ramirez

NOTICE OF CASE REASSIGNMENT

3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| N. NICK EBRAHIMIAN, SBN 219270 | | (310) 432-0000 | |
| 8889 W OLYMPIC BLVD STE 200 | | | |
| BEVERLY HILLS        CA        90211 | | | |

ATTORNEY FOR (Name

*Insert of Court Name of Judicial District and Branch Court if any*
SAN BERNARDINO COUNTY SUPERIOR COURT, SAN BERNARDINO DISTRICT

SHORT TITLE OF CASE
HERRERA v PIER 1 IMPORTS

| 3500150 | (HEARING) Date | Time | Dept S28 | Case Number: CIVDS1907337 |
|---|---|---|---|---|
| | | | | REFERENCE NO. HERRERA, E. v. PIER 1 IMPORTS |

### NOT FOUND PROOF OF SERVICE

I. THE UNDERSIGNED AM AND WAS ON THE DATES HEREIN MENTIONED, OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE ACTION ATTEMPTED TO SERVE THE FOLLOWING

2.I ATTEMPTED TO SERVE THE FOLLOWING:

SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET
NOTICE OF TRIAL SETTING CONFERENCE
CERTIFICATE OF ASSIGNMENT
PLAINTIFF'S PEREMPTORY CHALLENGE
MINUTE ORDER RE: REASSIGNMENT
YOU DON'T HAVE TO SUE/ADR INFORMATION PACKAGE W/BLANK STIPULATION

AND THAT AFTER DUE SEARCH, CAREFUL INQUIRY AND DILIGENT ATTEMPTS AT THE

BUSINESS:   3000 E. Philadelphia Street
            Ontario              CA         91761

I HAVE BEEN UNABLE TO MAKE DELIVERY OF SAID PROCESS ON THE WITHIN NAMED:

DAISY ZUNIGA

05/01/19   04:40 PM B/A*
SUBJECT NO LONGER EMPLOYED HERE, GONE A
COUPLE OF MONTHS PER RECEPTIONIST, LUZ
*.*** WE WILL PLACE THIS ON HOLD. WE OFFER
A SKIP TRACE SERVICE WHERE WE CAN LOCATE A
GOOD ADDRESS STARTING AT $85.00. PLEASE
CONTACT MARBELLA AT (714)662-5555 EXT 1339

7a. Person Serving:      Larry        Ballesteros

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Larry          Ballesteros
5/6/2019

d. The fee for service was          $93.90
e. I am:
    (1)      not a registered California process server:
    (3) X    registered California process server:
    (I) Independent Contractor
    (I) Registration No:                    588
    (I) County:   SAN BERNARDINO

X _____
                    SIGNATURE

### PROOF OF SERVICE

CRC 982(A)(23)

| | |
|---|---|
| 1 | **HERRERA, E. v. PIER 1 IMPORTS**          **CASE NO. CIVDS1907337** |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 8, 2019, I served the foregoing documents, described as

    1. **"PROOF OF SERVICE OF SUMMONS & COMPLAINT ON DEFENDANT PIER 1 IMPORTS (U.S.), INC."**

    2. **"PROOF OF SERVICE OF SUMMONS & COMPLAINT ON DEFENDANT DAISY ZUNIGA"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Defendant:* | *Defendant:* |
|---|---|
| **PIER 1 IMPORTS (U.S.), INC.** | **DAISY ZUNIGA** |
| CSC Lawyers Incorporated Services, Registered Agent for Service | Ontario Distribution Center |
| 2710 Gateway Oaks Drive, Suite 150N | 3000 E. Philadelphia Street |
| Sacramento, CA 95833 | Ontario, CA 91761 |

☒     **(BY MAIL) As follows:**

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐     **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

☒     **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 8, 2019, at Beverly Hills, California.

J. César Flores

**PROOF OF SERVICE**
**1**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| N. NICK EBRAHIMIAN, SBN 219270 8889 W OLYMPIC BLVD STE 200 | (310) 432-0000 | |

BEVERLY HILLS          CA          90211

ATTORNEY FOR (Name): Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
SAN BERNARDINO COUNTY SUPERIOR COURT, SAN BERNARDINO DISTRICT

SHORT TITLE OF CASE
HERRERA v. PIER 1 IMPORTS

| 3500133 | (HEARING) Date | Time | Dept S28 | Case Number: CIVDS1907337 |
|---|---|---|---|---|
| | | | | REFERENCE NO. HERRERA, E. v. PIER 1 IMPORTS |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET
   NOTICE OF TRIAL SETTING CONFERENCE
   CERTIFICATE OF ASSIGNMENT
   PLAINTIFF'S PEREMPTORY CHALLENGE;
   MINUTE ORDER RE: REASSIGNMENT
   YOU DON'T HAVE TO SUE/ADR INFORMATION PACKAGE W/BLANK STIPULATION

3. a. PARTY SERVED:     PIER 1 IMPORTS (U.S.), INC.

                        CSC Lawyers Incorporated Services, Registered Agent
   b. PERSON SERVED:   BECKY DEGEORGE, PERSON AUTHORIZED TO RECEIVE
                        CAUCASIAN FEMALE 50YRS 5'6" 185LBS. BLOND HAIR

4. c. ADDRESS:     2710 Gateway Oaks Drive, Suite 150 N
                   SACRAMENTO          CA          95833

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
      AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON     5/1/2019  AT   3:26:00 AM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      PIER 1 IMPORTS (U.S.), INC.

      CSC Lawyers Incorporated Services, Registered Agent
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION.: CORPORATION  CCP 416.10

                                                    d. The fee for service was     $133.90
| 7e. Person Serving:     Katrina     Williams | e. I am: |
|---|---|
| | (1)     not a registered California process server. |
| b. DDS Legal Support 2900 Bristol St Costa Mesa, Ca 92626 | (3) X  registered California process server. (i) Independent Contractor (ii) Registration No: 2015-10 (iii) County:   SACRAMENTO |
| c. (714) 662-5555 | |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Katrina     Williams
5/6/2019

Form Approved for Optional Use Judicial
Council of California
POS 010 REV Jan 1 2007]

SIGNATURE
CRC 982(A)(23)

PROOF OF SERVICE

**HERRERA, E. v. PIER 1 IMPORTS**                    **CASE NO. CIVDS1907337**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 8, 2019, I served the foregoing documents, described as

1. **"PROOF OF SERVICE OF SUMMONS & COMPLAINT ON DEFENDANT PIER 1 IMPORTS (U.S.), INC."**

2. **"PROOF OF SERVICE OF SUMMONS & COMPLAINT ON DEFENDANT DAISY ZUNIGA"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Defendant:* | *Defendant:* |
|---|---|
| **PIER 1 IMPORTS (U.S.), INC.**<br>CSC Lawyers Incorporated Services, Registered Agent for Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | **DAISY ZUNIGA**<br>Ontario Distribution Center<br>3000 E. Philadelphia Street<br>Ontario, CA 91761 |

☒ **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 8, 2019, at Beverly Hills, California.

J. César Flores

---

**PROOF OF SERVICE**
1

LAW OFFICES OF
## LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211



FIRST-CLASS

US POSTAGE
$ 000.65⁰
02 1P
0001217907
MAILED FROM ZIP CODE 90211

**PIER 1 IMPORTS (U.S.), INC.**
CSC Lawyers Incorporated Services, Registered Agent for Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

95833-350224